IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA

v.

LEO V. FELTON
ERICA CHASE

) CRIMINAL NO. 1:01CR 10198-NG
)
) VIOLATIONS: 18 U.S.C. 371
) (Conspiracy to Make a
) Destructive Device); 18 U.S.C.
) 844(d)(Attempted Receipt of
) Explosives with Intent to
) Injure); 18 U.S.C. 924(c)
) (Possession of Firearm During
) and in Relation to Crime of
) Violence); 18 U.S.C.
) 922(g)(1)(Felon in Possession
) of Firearm); 18 U.S.C. 471
) (Counterfeiting); 18 U.S.C.
) 472 (Passing Counterfeit
) Currency); 18 U.S.C. 371
) (Conspiracy to Obstruct
) Justice); 18 USC 1512(b)(2)(B)
) (Obstruction of Justice);
) 18 U.S.C. 371 (Conspiracy to
) Commit Bank Robbery and to
) Interfere with Commerce by
) Robbery); 18 U.S.C. 2113(a)
) (Bank Robbery); 18 U.S.C. 2
) (Aiding and Abetting)

## SECOND SUPERSEDING INDICTMENT

The Grand Jury charges that:

### GENERAL ALLEGATIONS

1.   At times material to this indictment, the defendant

LEO V. FELTON was a member of a self-described Aryan Order known

as the White Order of Thule and advocated violent action as a way

of advancing a white power agenda to rid the United States of a

multi-racial society and its perceived Jewish influence.



2.   At times material to this indictment, the defendant ERICA CHASE believed in the coming of, and necessity for, a "racial holy war," or "RAHOWA."

3.   At times material to this indictment, defendant LEO V. FELTON was the leader of a small, self-described "cell" whose members included defendant ERICA CHASE and Thomas Struss.  The ultimate goal of the "cell" was to serve as a catalyst of the "racial holy war" by committing a series of bombings and other violent acts directed at targets perceived to be associated with the Jewish and African-American communities.

4.   At times material to this indictment, FELTON and other members of the "cell" studied and emulated a white supremacist group known as "The Order," whose members committed bombings, robberies and murder in the 1980's to advance their goal of "securing the existence of our people and a future for white children."

5.   At times material to this indictment, FELTON, CHASE and other members of the "cell" resorted to planning and/or perpetrating criminal activities, which included counterfeiting, bank robbery, and armored car robbery to achieve "financial acquisitions" to finance their "underground" activities, and bombings to advance their "cause."

2

<u>COUNT ONE</u>: 18 U.S.C. § 371   - CONSPIRACY TO MAKE AND POSSESS A
DESTRUCTIVE DEVICE

The Grand Jury further charges that:

6.   The General Allegations contained in Paragraphs 1
through 5 are realleged and incorporated herein.

7.   From a date uncertain but at least from March, 2000 up
to and including the present, in New Jersey, Pennsylvania,
Indiana, Boston and Ipswich, within the District of
Massachusetts, the defendants

**LEO V. FELTON**
and
**ERICA CHASE**

did willfully conspire and agree with each other and others, both
known and unknown to the grand jury, to knowingly make and
possess a destructive device, as that term is defined in Title
26, United States Code Section 5845, which is not registered to
them in the National Firearms Registration and Transfer Record,
which constitutes violations of Title 26, United States Code,
Sections 5822, 5841, and 5861 (d) and (f).

<u>THE UNLAWFUL OBJECT AND MANNER AND MEANS OF THE CONSPIRACY</u>

8.   It was the overall object and plan of the conspiracy to
construct a destructive device for use in blowing up some
structure, building, property, or memorial with some perceived
Jewish and/or African-American association in order to advance
their "cause" and ignite a "racial war."

3

9.    It was further part of the plan for the defendants to assume new identities to avoid detection and apprehension for carrying out their plan.

### OVERT ACTS

10.   In furtherance of the conspiracy and to accomplish its objectives, the defendants and other co-conspirators committed, among others, the following overt acts, some within the District of Massachusetts:

(1)   In April, 2000, through a co-conspirator who was a fellow inmate of defendant LEO V. FELTON at a New Jersey prison, defendant ERICA CHASE began corresponding with FELTON.

(2)   In October, 2000, in anticipation of his release from prison in three months, defendant LEO V. FELTON wrote a letter to defendant ERICA CHASE in Indiana telling her that "before too long, I will be dropping off the face of the earth to participate in the historical process, at which time all ties to my past and current life (i.e., all means by which our enemy can track me) will be cut."

(3)   In November, 2000, defendant LEO V. FELTON wrote a letter to defendant ERICA CHASE in Indiana, asking her how she "would feel about doing something that can't be committed to paper or talked about on the phone. . . .something political."

(4)   At the end of January, 2001, defendant LEO V. FELTON moved to an apartment in Ipswich, Massachusetts and

continued to communicate by mail and telephone with defendant
ERICA CHASE in Indiana.

(5)   In the period January through March, 2001,
defendant LEO V. FELTON acquired several books relating to how to
assume a new identity, how to make explosives, how to conduct
terrorist actions, and how to make silencers.

(6)   In February, 2001, a co-conspirator wrote a letter
to defendant LEO V. FELTON commenting on FELTON's plan for a
"museum," and telling him to "plan well and be careful . . . Many
'dry runs.'!"

(7)   On or about February 20, 2001, in Ipswich,
defendant LEO V. FELTON told Thomas Struss that making a
fertilizer bomb was easy and that he had been acquiring
information about bomb-making from the Internet.

(8)   On or about February 20, 2001, in Ipswich,
defendant LEO V. FELTON discussed with Thomas Struss possible
bombing targets, which included the National Holocaust Museum.

(9)   In mid to late, March, 2001, defendant LEO V.
FELTON sent counterfeit currency which he had made on his
computer to defendant ERICA CHASE in Indiana, in part, to pay for
her expenses to drive to Boston to join him.

(10)  In mid to late March, 2001, defendant ERICA CHASE
purchased a handgun in Indiana to bring to Boston to assist in
carrying out their plan.

5

(11)  In early April, 2001, defendant LEO V. FELTON leased an apartment on Salem Street in Boston for he and defendant ERICA CHASE to share and begin carrying out their plan.

(12)  Defendant ERICA CHASE drove to the Boston area on or about April 8, 2001, and brought with her a handgun which she had obtained in Indiana.

(13)  On a date uncertain defendant LEO V. FELTON copied in his notebook the recipes for "AN-al" and "ANFO," explosives that contain ammonium nitrate as one its components, and wrote "OKC" and a ratio of the fuel/gas mixture with ammonium nitrate.

(14)  Sometime during the week of April 15, 2001, one of the conspirators cut out a news clipping concerning an upcoming service to be held at the New England Holocaust Memorial near Faneuil Hall in Boston.

(15)  On April 16, 2001, defendant LEO V. FELTON purchased a 50 lb. bag of ammonium nitrate and brought it to the apartment on Salem Street.

(16)  In mid-April, 2001, defendants LEO V. FELTON and ERICA CHASE purchased a Procter Silex coffee maker and, at the apartment on Salem Street, removed its wiring, including the timing and heating elements.

(17)  On April 17, 2001, defendant LEO V. FELTON purchased and ordered from Fire Quest International, Inc., El Dorado, Arkansas, ten "bird bombs," which are card board tubes

6

with an explosive mixture and fuse, and which can be used in the
fusing and firing train of an explosive device.

        (18)  After defendants LEO V. FELTON and ERICA CHASE
were arrested on local counterfeiting charges on April 19, 2001,
defendant CHASE contacted a friend and instructed her to remove
from the apartment and discard, among other things, the bag which
contained ammonium nitrate and the wirings which had been removed
from the coffee maker.

        All in violation of Title 18, United States Code, Section
371.

<u>COUNT TWO</u>: 18 U.S.C. § 844(d) - RECEIPT OF EXPLOSIVES WITH INTENT
TO USE TO KILL OR INJURE PERSONS OR DAMAGE PROPERTY

The Grand Jury further charges that:

11.   The allegations contained in Paragraphs 1 through 10 of
the indictment are realleged and incorporated herein.

12.   On or about the April 17, 2001, in Ipswich, within the
District of Massachusetts, and in Arkansas, the defendant

**LEO V. FELTON**

caused to be transported and attempted to receive in interstate
commerce, explosive materials, that is, ten (10) cardboard tubes
with a fuse, containing perchlorate explosive mixture and labeled
"Pest Control Report 2000," with knowledge and intent that said
explosive materials would be used in constructing an explosive
device to kill and injure persons and to unlawfully damage and
destroy a building and real property.


All in violation of Title 18, United States Code, Section
844(d).

8

COUNT THREE: 18 U.S.C. § 924(c) - POSSESSION OF A FIREARM DURING AND IN RELATION TO A CRIME OF VIOLENCE

The Grand Jury further charges that:

13.   The allegations contained in Paragraphs 1 through 10 of the indictment are realleged and incorporated herein.

14.   From a date uncertain but at least from on or about April 9 through April 21, 2001, the defendants

LEO V. FELTON<br>
and<br>
ERICA CHASE

during and in relation to a crime of violence, to wit: conspiracy to make and possess a destructive device in violation of Title 18, United States Code, Section 371, as charged in Count One of this indictment, did knowingly possess a firearm, that is, an Iberia Model 40 Smith & Wesson semi-automatic pistol, bearing serial number 130358, in furtherance of said crime of violence as charged in Count One of this indictment.

All in violation of Title 18, United States Code, Sections 924(c)(1)(A) and 2.

<u>COUNT FOUR</u>:   18 U.S.C. § 922(g)(1)- FELON IN POSSESSION OF
FIREARM

The Grand Jury further charges that:

15.   On or about divers dates between April 9th and April
19, 2001, at Boston, in the District of Massachusetts, the
defendant

**LEO V. FELTON**

having previously been convicted in a court of a crime punishable
by imprisonment for a term exceeding one year, did knowingly
possess, in and affecting commerce, a firearm, to wit: an
Iberia Model 40 Smith & Wesson semi-automatic pistol, bearing
serial number 130358.

All in violation of Title 18, United States Code, Section
922(g)(1).

**COUNT FIVE**: 18 U.S.C. § 922(g)(1)- FELON IN POSSESSION OF
                                    FIREARM

The Grand Jury further charges that:

16.   On or about divers dates between late January, 2001 and
February 21, 2001, at Ipswich and Boston, in the District of
Massachusetts, the defendant

**LEO V. FELTON**

having previously been convicted in a court of a crime punishable
by imprisonment for a term exceeding one year, did knowingly
possess, in and affecting commerce, a firearm, to wit: a Smith &
Wesson Model 642 .38 caliber revolver, bearing serial number CAT
6034.

All in violation of Title 18, United States Code, Section
922(g)(1).

<u>COUNT SIX</u> - 18 U.S.C. § 371 - CONSPIRACY TO MAKE AND PASS
                              COUNTERFEIT FEDERAL RESERVE NOTES

The Grand Jury further charges that:

17.   The General Allegations contained in Paragraphs 1
through 5 are realleged and incorporated herein.

18.   From a date uncertain, but at least from March, 2001
up to and including April 27, 2001, in Boston, Ipswich, Danvers,
Revere, Peabody and elsewhere within the District of
Massachusetts and elsewhere, the defendants

LEO V. FELTON
and
ERICA CHASE

did willfully conspire and agree with each other and others, both
known and unknown to the grand jury, with intent to defraud, to
counterfeit and falsely make obligations of the United States,
that is, falsely made and counterfeited twenty-dollar and fifty
dollar Federal Reserve Notes, and to pass and utter the same,
which constitute violations of Title 18, United States Code,
Sections 471 and 472.

OVERT ACTS

19.   In furtherance of the conspiracy and to accomplish
its objectives, the defendants committed, among others, the
following overt acts within the District of Massachusetts:

(a)   On or about March 5, 2001, defendant LEO V. FELTON
purchased Adobe Photoshop 6.0 computer software to assist in the

making of counterfeit currency.

(b)   In mid or late March, 2001, defendant LEO V. FELTON sent a package of counterfeit currency which he had made on his computer to defendant ERICA CHASE.

(c)   In early April, 2001, defendant LEO V. FELTON moved into the apartment on Salem Street in Boston resume paper, paper cutters and software for use in making counterfeit currency on a computer.

(d)   On or about April 7-8, 2001, at various commercial establishments between Indiana and New England, defendant ERICA CHASE passed counterfeit currency to pay for travel expenses.

(e)   On or about April 12, 2001, at a Wendy's on Summer Street in Boston, the defendants passed a counterfeit $50 bill.

(f)   On or about April 17, 2001, defendant LEO V. FELTON passed a counterfeit $50 bill at Staples at the Liberty Tree Mall in Danvers.

(g)   On or about April 17 through April 19, 2001, the defendants ERICA CHASE and LEO V. FELTON passed and attempted to pass counterfeit $20 and $50 bills at various locations in the Liberty Tree Mall in Danvers, North Shore Mall in Peabody, and Staples in Revere.

(h)   On or about April 19, 2001, defendant ERICA CHASE attempted to pass a counterfeit $20 bill at a Dunkin Donuts in East Boston.

All in violation of Title 18, United States Code, Section 371.

<u>COUNT SEVEN</u>: 18 U.S.C. § 471 - MAKING COUNTERFEIT FEDERAL RESERVE
NOTES

The Grand Jury further charges that:

20.   The General Allegations contained in Paragraphs 1
through 5 and Paragraphs 18 and 19 of the indictment are
realleged and incorporated herein.

21.   In and around March and April, 2001, in Ipswich and
Boston within the District of Massachusetts, the defendants

**LEO V. FELTON**
**and**
**ERICA CHASE**

aiding and abetting each other, with intent to defraud, did
counterfeit and falsely make obligations of the United States,
that is, falsely made and counterfeited twenty-dollar and fifty
dollar Federal Reserve Notes.

All in violation of Title 18 United States Code, Sections
471 and 2.

<u>COUNT EIGHT</u> - 18 U.S.C. § 371 - CONSPIRACY TO OBSTRUCT JUSTICE

The Grand Jury further charges that:

22.   The allegations contained in Paragraphs 1 through 21 of this indictment are realleged and incorporated herein.

23.   From on or about April 19, 2001, continuing to a date uncertain but at least in or about May, 2001, in Boston, Ipswich, and elsewhere within the District of Massachusetts, the defendants

**LEO V. FELTON**
and
**ERICA CHASE**

did willfully conspire and agree with each other to corruptly persuade and engage in misleading conduct toward other persons with intent to cause other persons to alter, destroy, mutilate and conceal objects of evidence with intent to impair the integrity and availability of the objects of evidence for use in official proceedings, which constitutes a violation of Title 18, United States Code, Section 1512(b)(2)(B).

<u>OVERT ACTS</u>

24.   In furtherance of the conspiracy and to accomplish its objectives, the defendants committed, among others, the following overt acts within the District of Massachusetts:

(a)   After defendants LEO V. FELTON and ERICA CHASE were arrested in East Boston, on April 19, 2001, FELTON telephoned his wife in Ipswich from the police station in East

16

Boston and instructed her to remove the hard drive of the computer in the apartment in Ipswich.

(b)  On or about April 19, 2001, the wife of defendant LEO V. FELTON removed the computer from the Ipswich apartment and smashed it with a sledge hammer.

(c)  On or about April 20, 2001, from the Nashua Street Jail, defendant ERICA CHASE telephoned a friend and persuaded her to go to the apartment at Salem Street in Boston and remove and dispose of certain items, including the brown bag containing ammonium nitrate, wirings, software, folders containing uncut counterfeit currency, and flags, and to remove and conceal a handgun and ammunition.

(d)  On or April 21, 2001, the friend of defendant ERICA CHASE went to the apartment at Salem Street in Boston and removed and disposed of the 50 lb. bag of ammonium nitrate, the wirings, software, and the uncut counterfeit money, and removed and kept in her possession the handgun and ammunition.

(e)  On or about April 22, 2001, the friend of defendant ERICA CHASE visited her at the Nashua street Jail and informed her that CHASE's request had been carried out.  CHASE asked her friend to visit defendant LEO V. FELTON, who was also being held at Nashua Street Jail, to let him know as well.

All in violation of Title 18, United States Code, Section 371.

<u>COUNT NINE</u> - 18 U.S.C. § 1512(b)(2)(B) - OBSTRUCTION OF JUSTICE

The Grand Jury further charges that:

25.  The allegations of Paragraphs 1 through 24 of this indictment are realleged and incorporated herein.

26.  On or about April 19, 2001, in Boston and Ipswich within the District of Massachusetts, the defendant

**LEO V. FELTON**

knowingly attempted to, and did, corruptly persuade his wife with intent to cause and induce her to destroy, mutilate and conceal an object of evidence, that is, the hard drive of the computer in the Ipswich apartment, with intent to impair the integrity and availability of this evidence for use in a United States grand jury and in other official proceedings.


All in violation of Title 18, United States Code, Section 1512(b)(2)(B).

18

<u>COUNT TEN</u> - 18 U.S.C. § 1512(b)(2)(B) - OBSTRUCTION OF JUSTICE

The Grand Jury further charges that:

27.   The allegations of Paragraphs 1 through 24 of this indictment are realleged and incorporated herein.

28.   On or about April 20, 2001, in Boston and Needham within the District of Massachusetts, the defendant

**ERICA CHASE**

knowingly attempted to, and did, corruptly persuade her friend with intent to cause and induce her friend to destroy, mutilate and conceal objects of evidence, that is, a 50 lb. bag of ammonium nitrate, the wirings from a coffee maker, software used to make counterfeit money, uncut counterfeit money, and a handgun and ammunition, with intent to impair the integrity and availability of this evidence for use in a United States grand jury and in other official proceedings.

All in violation of Title 18, United States Code, Section 1512(b)(2)(B).

19

**COUNT ELEVEN**: **18 U.S.C. § 371- CONSPIRACY TO COMMIT BANK ROBBERY AND TO INTERFERE WITH COMMERCE BY ROBBERY**

The Grand Jury further charges that:

29.   The General Allegations contained in Paragraphs 1 through 5 of the indictment are realleged and incorporated herein.

30.   From on a date uncertain but in or about December, 2000 up to about April, 2001, in New Jersey, Ipswich, Massachusetts, Boston, Massachusetts, within the District of Massachusetts and elsewhere, the defendant

**LEO V. FELTON**

did intentionally and willfully conspire and agree with Thomas Struss and others, both known and unknown to the grand jury, to:

(a) by force and violence and by intimidation, take from the person and presence of another, money belonging to, and in the care, custody, control, management and possession of the Citizen's Bank, 607 Boylston Street, Boston, Massachusetts, the deposits of which were then insured by the Federal Deposit Insurance Corporation, which constitutes a violation of Title 18, United States Code, Section 2113(a); and

(b) commit robbery of an armored car, that is, to take and obtain money from the person or presence of other persons, against their will by means of actual or threatened force, violence and fear of injury, thereby obstructing, delaying and affecting commerce, which constitutes a  violation of Title 18,

20

United States Code, Section 1951(a).

**OVERT ACTS**

31.   In furtherance of the conspiracy and to accomplish its objectives, the defendant and other co-conspirators committed, among others, the following overt acts, some within the District of Massachusetts:

(a)   In or about December, 2000, Thomas Struss, who was in the same New Jersey state prison as defendant LEO V. FELTON, communicated with FELTON by letter for the purpose of meeting with FELTON after they were both released from prison to begin implementing plans and goals of the "cell."

(b)   In or around mid-February, 2001, a co-conspirator known as "Wolf" gave to FELTON and Struss the name and number of an individual in New Jersey, known as "Conan," who could assist the "cell" in carrying out its activities.

(c)   On or about February 20, 2001, Thomas Struss traveled from New Jersey to Massachusetts to meet with defendant LEO V. FELTON in Ipswich, Massachusetts.

(d)   On or about February 20-21, 2001, at Ipswich, defendant LEO V. FELTON and Thomas Struss discussed, among other things, committing a robbery in Boston for the dual purposes of obtaining a "financial acquisition" and testing Struss's loyalty and dedication to the cell.

(e)   On or about February 21, 2001, at Ipswich, defendant

LEO V. FELTON showed Thomas Struss  a Smith & Wesson Model 642
.38 caliber revolver, whose serial number FELTON had filed off.

(f)  On February 21, 2001, defendant LEO V. FELTON provided
Thomas Struss with a hat and gloves to wear during the robbery,
and they traveled to Boston to select a bank to rob.

(g)  On February 21, 2001, while defendant LEO V. FELTON,
holding the revolver, observed from outside the bank, Thomas
Struss entered the Citizen's Bank at 607 Boylston Street, Boston,
Massachusetts with a note written by FELTON.

(h)  On February 21, 2001, Thomas Struss gave to a bank
teller the note, which demanded money and stated that he had a
gun.

(i)  Thomas Struss received $1,128 from the teller, left the
bank, and met up with FELTON outside.

(j)  On February 21, 2001, defendant LEO V. FELTON and
Thomas Struss returned to Ipswich and split the proceeds of the
bank robbery.

(k)  On February 21, 2001, defendant LEO V. FELTON gave to
Thomas Struss the revolver with an obliterated serial number and
bullets for Struss to bring back with him to New Jersey.

(l)  After the robbery, defendant LEO V. FELTON contacted
"Wolf" in prison and informed him that he and Thomas Struss had
pulled off a bank robbery, and "Wolf" replied by letter that "the
cell that has been formed seems to complement each other. . . ."

(m)   A few days later, defendant LEO V. FELTON contacted
Thomas Struss in New Jersey and instructed him to steal a car for
use in an armored car robbery which FELTON and Conan were
planning to perpetrate in Gloucester County, New Jersey.

(n)   On February 27, 2001, using the firearm with the
obliterated serial number provided by FELTON, Thomas Struss stole
a car at gunpoint in Mantua Township, New Jersey, but was later
apprehended by police.

(o)   After Thomas Struss was bailed out, in early March,
2001, defendant LEO V. FELTON spoke with Struss on the telephone
and told him that he and defendant ERICA CHASE would get Struss
new identification documents.   FELTON also gave Struss CHASE's
telephone number, and told him that CHASE would provide him with
a "safe house" in the meantime.

(p)   On or about March 8, 2001, defendant LEO V. FELTON
caused Erica Chase to purchase through an agency in Michigan
City, Indiana, a Greyhound bus ticket in Struss's name for him to
travel from Camden, New Jersey to Boston, Massachusetts and told
Struss that the ticket was waiting for him.


All in violation of Title 18, United States Code, Section 371.


23

<u>COUNT TWELVE</u>:    18 U.S.C. § 2113(a)- BANK ROBBERY

The Grand Jury further charges that:

32.  The General Allegations contained in Paragraphs 1 through 5, the allegations of Paragraphs 30, and Overt Acts (a) through (j) of Paragraph 31 are realleged and incorporated herein.

33.  On or about February 21, 2001, at Boston, in the District of Massachusetts, defendant

**LEO V. FELTON**

in furtherance of the conspiracy charged in Count Eleven, did knowingly and willfully aid and abet Thomas Struss in taking from the person and presence of another, by force and violence and by intimidation, approximately $1,128, money belonging to, and in the care, custody, control, management and possession of, the Citizen's Bank, 607 Boylston Street, Boston, Massachusetts, the deposits of which were then insured by the Federal Deposit Insurance Corporation.

All in violation of Title 18, United States Code, Sections 2113(a) and 2.

A TRUE BILL

_____
FOREPERSON OF THE GRAND JURY

_____
ASSISTANT U.S. ATTORNEY

DISTRICT OF MASSACHUSETTS; September 19, 2001.   *at 1:05 pm*

Returned into the District Court by the Grand Jurors and filed.

_____
DEPUTY CLERK

JS 45 (1/96) (Revised U.S.D.C. MA 8/27/96)

**Criminal Case Cover Sheet**                    **U.S. District Court - District of Massachusetts**

Place of Offense              Category No.    **II**            Investigating Agency    **SS, ATF,FBI**

City    **Boston, Danvers**     Related Case Information:  _____

County    **Suffolk**           Superseding Indictment  **X**  Docket No.  **1:01 CR 10198-NG**

                              Original Defendant  **X**  New Defendant  _____
                              Magistrate Judge Case Number  **01-M-876-MBB**
                              Search Warrant Case Number  **01-M-883-MBB**
                              R 20/ R 40 from District of  _____

Defendant Information:
Defendant Name:    **ERICA CHASE**                    Juvenile: _____ Yes  **X**  No
Alias Name:        _____
Address:           **59 Salem Street, Apt. 3R, Boston, MA**

Birthdate:    **7/24/1979**    SS # **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**    Sex **F** Race **Wht.** Nationality _____

Defense Counsel if known:    **Timothy Watkins**

Address:    **Federal Defender's Office, 400 Atlantic Avenue, Boston, MA**

U.S. Attorney Information:    **S. Theodore Merritt**          Phone No. **617-748-3123**

Address:    **1 Courthouse Way, Suite 9200, Boston, MA 02210**   Bar No. _____

Interpreter:  ☒ No  ☐ Yes     List Language and/or dialect: _____

Matter to be SEALED:    ☒ No  ☐ Yes

☐ Warrant Requested    ☒ Regular Process  ☒ In Custody    Arrest Date _____

☒ In Federal Custody as of **May 4, 2001**    in **Framingham**

☐    In State Custody at _____    ☐ Serving Sentence    ☐ Awaiting Trial

☐    On Pretrial Release

Offenses Charged:    ☐ Complaint    ☐ Information    ☒ Indictment

Total # of Counts:    ☐ Petty_____    ☐ Misdemeanor_____    ☒ Felony  **6**

Date:  **9/19/01**     Signature of AUSA: _____

**Continue on Page 2 for Entry of U.S.C. Citations**

(Revised U.S.D.C. MA 8/27/96)  Page 2 of 2

District Court Case Number (To be filled in by deputy clerk): _____

Name of Defendant    LEO V. FELTON _____

### U.S.C. CITATIONS

| | U.S.C. Citations | Description of Offense Charged | Count Numbers |
|---|---|---|---|
| Set 1 | 18 U.S.C. § 371 | Conspiracy to Make and Possess a Destructive Device | 1 |
| Set 2 | 18 U.S.C. § 844(d) | Receipt of Explosives with Intent to Use to Kill or Injure Persons or Damage Property | 2 |
| Set 3 | 18 U.S.C. § 924(c) | Possession of a Firearm During and in Relation to a Crime of Violence | 3 |
| Set 4 | 18 U.S.C. § 922(g)(1) | Felon in Possession of Firearm | 4,5 |
| Set 5 | 18 U.S.C. § 371 | Conspiracy to Make and Pass Counterfeit Federal Reserve Notes | 6 |
| Set 4 | 18 U.S.C. § 471 | Making Counterfeit Federal Reserve Notes | 7 |
| Set 5 | 18 U.S.C. § 371 | Conspiracy to Obstruct Justice | 8 |
| Set 6 | 18 U.S.C. § 1512(b)(2)(B) | Obstruction of Justice | 9 |
| Set 7 | 18 U.S.C. § 371 | Conspiracy to Commit Bank Robbery and Hobbs Act Robbery | 11 |
| Set 8 | 18 U.S.C. §§ 2113(a) and 2 | Bank Robbery and Aiding and Abetting | 12 |
| Set 9 | | | |
| Set 10 | | | |

ADDITIONAL INFORMATION:_____