UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CRIMINAL NO.: 01-10198 NG

UNITED STATES OF AMERICA

v.

LEO FELTON and ERICA CHASE

F I L E D
Clerk's Office
USDC, Mass.
Date 2/1/02
By
Deputy Clerk

## MOTION TO SUPPRESS BY DEFENDANT LEO FELTON WITH INCORPORATED MEMORANDUM OF LAW.

### I. Motion/ Introduction.

LEO FELTON, a defendant in this case, moves this Honorable Court, pursuant to the First, Fourth and Fourteenth Amendments to the United States Constitution, to suppress certain physical evidence seized as a result of warrantless searches at 59 Salem Street, Apartment 3R, Boston, MA, (hereinafter "the Salem Street apartment"), on April 19, 2001 and May 1, 2001; from his person, pursuant to arrests on April 23, 2001 and April 27, 2001; and from a Brown Toyota Corolla on April 27, 2001. Likewise, he moves this Court to suppress all physical evidence seized from his marital home at 101 Colonial Drive in Ipswich, MA, (hereinafter, "the marital home"), on April 23, 2001 and June 28, 2001. Further, he moves to suppress all observations, statements or other physical evidence obtained as a result of these searches, as "fruit of the poisonous tree." Wong Sun v. United States, 371 U.S. 471(1963). Co-defendant Erica Chase has separately moved this Court to suppress the searches of the Salem Street apartment. Mr. Felton joins in her motion to the extent that he has standing.

The categories of materials taken in these searches includes political literature, recorded music, photographs, letters, diaries and other personal papers, documents and items which are



not contraband nor evidence of any crime. For reasons that will be more particularly described, Felton asserts that the seizure of these items is beyond the scope of any given consent. Nor may the seizure of these documents and other items be justified under the "plain view" exception, as it could not have been "immediately apparent" to law enforcement agents, that these items were evidence of a crime.

Although the alleged consent to search the apartment on Salem Street and the marital home in Ipswich was given by others, not this defendant, Felton has standing to challenge the search. See United States v. Felix, 134 F. Supp. 2d. 162 ( D. Mass. 2001) [Husband may challenge the scope of the search of the marital home when his wife gave a qualified consent and was not herself a defendant in the resulting criminal case]. Felton asserts that his wife, Lisa Felton, was coerced into granting consent to search their home and waive her spousal privilege not to provide evidence against him. He also asserts that, in any event, the scope of the search exceeded any consent given.

Several law enforcement agencies were involved in these searches including the Boston Police, the Secret Service and the Bureau of Alcohol, Tobacco and Firearms. To simplify the narrative, the diverse organizations are collectively referred to as "law enforcement agents".

## II. Facts of the Searches.

*The arrest on April 19, 2001.* Leo Felton and Erica Chase were arrested by Boston Police on April 19, 2001 and charged in the Massachusetts State Court with: possession of counterfeit notes, in violation of Massachusetts General Laws c.257 § 9; resisting arrest, in violation of Massachusetts General Laws c. 268 § 32B; and trespassing, in violation of Massachusetts General laws c. 266 § 120. Pursuant to the arrest, the police took Felton's knapsack which

2

contained personal papers and a notebook with addresses and miscellaneous writings. No law enforcement agents sought or obtained a search warrant to review these items. Yet, the Secret Service, ATF, and/or other law enforcement agents read these documents and investigated and interviewed persons whose names or information appeared in them. Although the general slant of Mr. Felton's politics is not a secret, his body includes tattoos which suggest sympathy with groups such as "Skinheads", at no time did Mr. Felton authorize the agents to seize or review items in his possession of any kind, and specifically of a political, historical or philosophical nature.

*The arrest on April 27, 2001 and the search of the automobile.* On April 27, 2001, Felton was arrested in the street by agents of the Bureau of Alcohol, Tobacco and Firearms (ATF), pursuant to a criminal complaint alleging that he was a felon in possession of a firearm, in violation of 18 U.S.C. § 922 (a)(1). When he was arrested, the agents took his knapsack and the personal items in his possession. Upon their request, Felton signed a general consent form to search the Brown Toyota Corolla automobile for weapons or other contraband. According to the property inventory, the agents seized compact discs (described in the inventory as "white supremacist CD's"), a paperback book, and a yellow "post-it" note with a telephone number on it. Again, Felton did not authorize the review or seizure of these documents or items.

*The searches of the Salem Street Apartment.* The circumstances surrounding the signed consent forms by Erica Chase for the search of the apartment on Salem Street are described in her Motion to Suppress. On April 23, 2001, she ostensibly authorized the agents to take from the premises and /or automobile any letters, papers, materials or other property which is contraband or evidence in the nature of "**counterfeit or bomb-making material**". [Emphasis added]. The

3

officers reviewed various documents which they found there, and carted away boxes of documents including, as mentioned above, literature, letters, photographs and other personal items and papers.

On May 1, 2001, law enforcement agents searched the apartment a second time, and seized additional boxes of documents. At no time did the law enforcement agents seek or obtain a search warrant.

*The search in Ipswich.* On April 23, 2001, a package, labeled "Explosives", addressed to Leo Felton at 101 Colonial Drive, Ipswich, MA, from Firequest International, Ltd., was intercepted by law enforcement agents. Agents seized and secured the package. On April 24, a criminal record check was done on Leo Felton, which revealed that Felton is a convicted felon. According to an affidavit submitted by ATF special agent David Oliver, Kathy Mcgaffigan, a friend of Erica Chase, told him that Erica and Leo were planning to make a bomb. On April 26, 2001, the agents sought and obtained a search warrant from Magistrate Bowler to open this package. But, before they sought and obtained a search warrant, on April 23, 2001, agents spoke to Lisa Felton, Leo Felton's wife, who lived with him in the marital home at 101 Colonial Drive, Ipswich, MA. Although, Mrs. Felton ostensibly consented to a search of the apartment, on information and belief, the consent was not voluntary, knowing or comprehensive because she was scared, intimidated and did not know that she could have asserted her spousal privilege. [See Affidavit of Leo Felton]. Even, assuming *arguendo*, theat the consent was voluntary, it was limited to a search of the house for "counterfeit money and bomb making materials" and did not extend to the search of documents or other materials. [See attached Consent to Search form].

4

### III. Argument.

The United States Constitution guarantees "the right of the people to be secure in their persons, houses, papers and effects against unreasonable search and seizure". U.S. Const. Amend IV. "A search compromises the individual interest in privacy; a seizure deprives the individual of dominion over his or her person or property." Horton v. California, 496 U.S. 129, 133 ; 110 S.Ct. 2301,2306 (1990) citing United States v. Jacobson, 466 U.S. 109,113; 104 S.Ct 1652,1656 (1984). With certain well-defined exceptions, the government must obtain prior, specific judicial approval for the search and seizure of property to which the person has a reasonable expectation of privacy, such as in his home or residence. Weeks v. United States, 232 U.S. 383, 34 S.Ct. 341 (1914). Consent to search is one of those exceptions. Schneckloth v. Bustamonte, 412 U.S. 218, 219 (1973).

The scope of a consensual search is generally defined by its "express object." Florida v. Jimeno, 500 U.S. 248 (1991). In the first searches of the Salem Street apartment and the marital home, the written consent forms expressed the object of the searches as "counterfeit or bomb making materials". In the second searches of these premises, the consent was general. With a general consent authorization, the Court must determine the reasonable expectations of the consenter. United States v. Felix, 34 F.Supp. 2d. 162 (D.Mass. 2001):

> "...if the police express their intent to search an area for a firearm, the scope of the search is limited by what is necessary to accomplish this task. The police may not search computer files or personal papers if consent has been given to locate firearms or narcotics. E.g., Turner, 169 F.3d at 88-89;...United States v. Dichiarinte, 445 F.2d 126, 129-30 (7th Cir. 1971) (where consent search was limited to places where the defendant might have hidden narcotics, police could not read defendant's personal papers)."
> Ibid.

5

The documents seized here are not apparent contraband such as controlled substances or firearms. United States v. Ramos-Morales, 981 F.2d 625 (1st Cir. 1992). The possession of these papers, books, music and personal writings and the views contained therein are not illegal or criminal, but in fact, protected speech under the First Amendment to the United States Constitution and its progeny.

Although the government had the opportunity, it did not seek to obtain search warrants of the apartment on Salem Street or the marital home in Ipswich. (The Toyota Corolla was searched without a warrant and the defendant does not argue that a warrant should have been sought). Indeed, it is likely that a Court would have denied a request for an "all documents" search or a generalized descriptions of documents, and particularly, in the context of the search of a home. United States v. Falon, 959 F.2d 1143 (1st Cir. 1992) (suppressing items "no more likely to be related to . . .fraudulent business than to . . . personal matters," including checkbook and canceled checks, telephone records, calendars and diaries, and word processors). See also United States v. Klein, 565 F. 2d 183, 186 (1st Cir. 1977), United States v. Morris, 977 F.2d 677, 681 (1st Cir. 1992).

The government may not argue that, in any event, the seizure is moot because it would have been "inevitably discovered", United States v. Ford, 22 F.3d 374 (1st Cir. 1994), quoting United States v. Silvestri, 787 F.2d 736 (1st Cir. 1986). Document review is for a limited purpose, similar to the minimization requirement in wiretap operations. In the illuminating words of Judge Selya, "The sum total of the searchers knowledge must be sufficient to turn on the bulb. If the light does not shine during the currency of the search, there is no 'immediate awareness' of the incriminating nature of the object." United States v. Rutowski, 877 F.2d 139,

142 (1st Cir. 1989). As in <u>United States v. Felix</u>, 134 F. Supp. 2d 162 (D.Mass. 2001), the law enforcement agents broadened the scope of the search beyond what was consented to, in violation of Felton's rights under the First, Fourth and Fourteenth Amendments.

### IV. Request for an Evidentiary Hearing.

The defendant requests an evidentiary hearing on this motion. In addition, he reserves the right to provide a more detailed memorandum of law after the hearing on this motion.

### V. Conclusion/ Prayer for Relief.

For the reasons stated above, the defendant prays this Court to suppress all physical evidence, and suppress all observations, statements or other physical evidence obtained as a result of these searches, as "fruit of the poisonous tree." <u>Wong Sun v. United States</u>, 371 U.S. 471(1963).

Respectfully submitted,
LEO FELTON
By his attorney

*/s/ Lenore Glaser*
Lenore Glaser, Esq.
Stern, Shapiro, Weissberg & Garin
90 Canal Street, 5th Floor
Boston, MA 02114
(617) 742-5800
BBO #: 194220

Dated: <u>January 29, 2002</u>

**CERTIFICATE OF SERVICE**

I, Lenore Glaser, certify that a true copy of this document was sent by FAX and mailed first class to S. Theodore Merritt, Assistant U.S. Attorney, U.S. District Court, 1 Courthouse Way, Suite 9200, Boston, MA 02210 and Timothy Watkins, Esq., Federal Defender's Office, 408 Atlantic Avenue, 3rd Floor, Boston, MA 02210 on January 29, 2002.

*/s/ Lenore Glaser*
Lenore Glaser, Esq.

7

## CONSENT TO SEARCH

**DATE:** 4-23-01

**LOCATION:** 101 Colonial Drive #161, Ipswich, MA

I, Lisa N Felton, have been informed of my constitutional right not to have a search made of the premises and/or automobile mentioned without a search warrant. I have also been informed of my right to refuse to consent to such a search. However, I hereby authorize Special Agents and _____ of the Treasury Department

*Titles of Officers or Agents and Names of Agency*

to conduct a complete search of the premises and/or automobile at 101 Colonial Drive Apt # 161, Ipswich MA

These (officers or agents) are authorized by me to take from the premises and/or automobile any letters, papers, materials or other property which is contraband or evidence in the nature of counterfeit and bomb-making material. I understand that this contraband or evidence may be used against me in a court of law.

This written permission is being given by me to the above named persons voluntarily and without threats, duress or promises of any kind. I understand that I may ask for and receive a receipt for all things taken.

Signature of Witnesses:    Signature of Consentor

[signatures]    Lisa Felton

This form is not subject to the requirements of P.L. 96-511 "Paperwork Reduction Act of 1980." 44 USC, Chapter 35.
UNITED STATES SECRET SERVICE    SSF 1922 (01/82)