IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA | ) CRIMINAL NO. 01-10198-NG |
| | ) |
| v. | ) |
| | ) |
| LEO V. FELTON | ) |
| ERICA CHASE | ) |

GOVERNMENT'S OPPOSITION TO DEFENDANTS' MOTION
TO DISMISS COUNTS OF THE INDICTMENT

The defendants have filed a joint motion to dismiss certain
counts and allegations contained in the second superseding
indictment.  Because the arguments in support of their motion are
legally flawed, the Court should summarily deny the motion.

A.   Count Three Adequately Charges that Defendants Possessed
     a Firearm In Furtherance of a Crime of Violence in
     Violation of 81 U.S.C. § 924(c)(1)(A)

Count Three charges that the defendants possessed a firearm in
furtherance of a crime of violence, that is, the conspiracy to make
and possess a destructive device as charged in Count One. [1] The
firearm in question is alleged to be a handgun purchased by Erica
Chase in Indiana in March, 2001, which she brought to Boston in
April to assist in carrying out the defendants' plan to "construct
a destructive device for use in blowing up some structure, building
or memorial with some perceived Jewish and/or Africa-American

_____

[1]Count One charges, in violation of 18 U.S.C. § 371, a
conspiracy to violate 26 U.S.C. § 5822, 5841 and 5861 (d) and
(f), which, among other things, prohibit the making and
possessing of destructive devices.

77

association and ignite a 'racial war.'" Superseding Indictment, ¶¶ 8, 12.

The defendants' first argument is that a conspiracy to make and possess a destructive device does not constitute a "crime of violence" for purposes of Section 924(c).[2]   In support of their argument, the defendants analogize to cases that have held that mere possession of a _firearm_ by a convicted felon does not constitute a violent felony or crime of violence for purposes of sentencing, bail and/or an underlying predicate for a § 924(c) violation.   The fatal flaw in the analogy to possession of a firearm is that it has been specifically rejected not only by the First Circuit but by all the other circuits which have considered the issue as well.

In _United States v. Fortes_, 141 F.3d 1 (1st Cir. 1998), the court rejected the argument that possession of a sawed-off shotgun in violation of 26 U.S.C. §§ 5845(a) and 5861(d) should not be

_____

[2]Under § 924(c)(3), a crime of violence means a an offense that is a felony and

> (A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or

> (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

This is the same definition for a "crime of violence" which appears in the detention statute, 18 U.S.C. § 3156(a)(4), as well as in 18 U.S.C. § 16.

considered a violent felony for purposes of sentencing under the

Armed Career Criminal Act ("ACCA").   In reaching this conclusion,

the court distinguished United States v. Doe, 960 F.2d 221 (1st Cir.

1992), which held that possession of a firearm by a felon was not

a qualifying violent felony for purposes of the ACCA.   Citing a

Ninth Circuit case which held that possession of a silencer was a

violent felony because it involved conduct  that presents a serious

risk of physical injury to another, the court noted

> the reasonable -- indeed, very substantial -- difference
> between possession of a generic "firearm" and possession
> of  one  of  the  specialized  weapons  singled-out  for
> particularized  treatment  by  26  U.S.C.  §§  5845(a)  and
> 5861(d) . . .   [U]nder § 5861(d) not all firearms must be
> registered,  only  those  Congress  found  to  be  inherently
> dangerous  and  lacking  in  lawful  purposes,  such  as  sawed-
> off shotguns and grenades.

Fortes, 141 F.3d at 7, quoting United States v. Huffhines, 967 F.2d

314 (9th Cir. 1992).

This vital distinction between the offense of a possession of

a mere firearm and the offenses of making or possessing a weapon or

device prohibited under Title 26 is determinative. Accordingly,

under the reasoning relied on by the First Circuit in Fortes,

courts have uniformly held that making or possessing destructive

devices constitute a "crime of violence."   See United States v.

Jennings, 195 F.3d 795, 798 (5th Cir. 1999)(citing Fortes and

holding that possession of unregistered pipe bomb by its very

nature creates substantial risk of violence); United States v.

Dempsey, 957 F.2d 831, 834 (11th Cir. 1992)(unlike firearms, pipe

3

bombs have no legitimate purpose); <u>United States v. Drapeau</u>, 188 F.3d 987, 990 n. 4(8th Cir. 1999)("The offense of unlawfully making a bomb focuses on the inherent dangerousness of, and lack of legitimate purpose for, the bomb itself."); <u>United States v. Newman</u>, 125 F.3d 863 (10th Cir.1997)(unpublished)(same).

The defendants' second argument -- that Count One is not a crime of violence because it charges a conspiracy to make and possess a destructive device -- is also unavailing.  The law is clear that because the definition of a crime of violence includes conduct that involves the substantial risk of physical injury to another, conspiracy to commit such acts of violence meet the statutory definition.  <u>See</u> <u>United States v. Mitchell</u>, 23 F.3d 1, 3 (1st Cir. 1994) ("[A] conspiracy to commit a crime of violence is itself a crime of violence.") and cases cited therein.  Indeed, conspiracy to make and possess a destructive device has often served as a predicate crime of violence in the § 924(c) context as well as in others.  <u>See</u> <u>e.g.</u> <u>United States v. Lampley</u>, 127 F.3d 1231, 1240 (10th Cir. 1997); <u>United States v. Dodge</u>, 846 F. Supp. 181, 183-184 (D. Conn. 1994).  Thus, the fact that the defendants are charged with conspiring to make a destructive device, and not with possessing a fully-assembled bomb, is of no consequence to the validity of the underlying predicate crime of violence properly

4

alleged in Count Three.[3]

The defendants' claim that the evidence will not sustain the charge is also not appropriately raised in a motion to dismiss. A defendant may not challenge a facially valid indictment on the grounds of insufficient evidence. Costello v. United States, 350 U.S. 359, 363-64 (1956); United States v. Maceo, 873 F.2d 1, 3 (1st Cir. 1989). Here, the indictment properly alleges that the defendants possessed the identified firearm, which Erica Chase had brought to Massachusetts from Indiana, in furtherance of the conspiracy charged in Count One. Nothing more is required to deny the defendants' motion to dismiss.

Moreover, the defendants' argument misapprehends that the defendants are charged in Count Three with violating § 924(c) by possessing the firearm "in furtherance of" the underlying crime. This language was added by Congress in reaction to the decision in

-----

[3]Likewise, the defendants' reliance on a case from the Fourth Circuit that every essential part must be present for the components to constitute an unlawful possession of a destructive device is misplaced. See United States v. Blackburn, 940 F.2d 107, 110 (4th Cir. 1991). First, the defendants are not charged with such possession but rather with conspiracy to construct such a device. Second, where there were unassembled parts of the destructive device either recovered or identified, evidence of the defendants' intent to convert the parts into a destructive device and/or use it as a weapon may be introduced show that there was a "combination of parts either designed or intended for use in converting any device into a destructive device" as defined by 26 U.S.C § 5845(f)(3). See United States v. Urban, 140 F.3d 229, 232 (3rd Cir. 1998). Thus, the inherent risk of substantial injury to others constituting a crime of violence would exist for a combination of unassembled parts of a destructive device as well.

5

<u>Bailey v. United States</u>, 516 U.S. 137 (1995) and was intended "to broaden the reach of the statute in the wake of the Supreme Court's narrow construction." <u>United States v. Ceballos-Torres</u>, 218 F.3d 409, 413 (5th Cir. 2000). As such, courts have interpreted the "in furtherance" language as applicable when the possession of the firearm "furthers, advances, or helps forward" the offense. <u>Id</u>. at 411. <u>See also</u> <u>United States v. Timmons</u>, ___ F.3d ___, 2002 WL 272231 (11th Cir. 2002)(quoting legislative history, "the word 'possession' has a broader meaning than either 'uses' or 'carries'.... ); <u>United States v. Finley</u>, 245 F.3d 199, 203 (2d Cir. 2001)("the requirement that the gun be possessed in furtherance of a drug crime may be satisfied by a showing of some nexus between the firearm and the drug selling operation").

In any case, the defendants' motion to dismiss Count Three for either purported evidentiary deficiencies or failure to charge an underlying crime of violence should be denied.

### B.   Count Four Charges an Offense Under a Constitutionally Valid Statute

The defendant Felton seeks dismissal of Count Four in which he is charged with being a convicted felon in possession of a firearm, in violation of 18 U.S.C. § 992(g)(1). Felton argues that the statute is an unconstitutional exercise of Congressional power under the Commerce Clause. Although Felton acknowledges that the current state of the law, including precedent in the First Circuit, has already rejected this argument which relies on <u>United States v.</u>

6

Lopez, 514 U.S. 549 (1995)[4], he states that he wishes to preserve his appellate rights.

The First Circuit, however, has repeatedly ruled since Lopez, "that a facial challenge to constitutionality of 922(g)(1) is 'hopeless on . . . the law.'" United States v. Blais, 98 F.3d 647, 649 (1st Cir. 1996), quoting United States v. Bennett, 75 F.3d 40, 49 (1st Cir, 1996). After Lopez, the First Circuit continued to find "that where a federal criminal statute [18 U.S.C. § 992(g)] contains a jurisdictional element requiring proof that an object was 'in or affecting' commerce, the government need only meet the 'minimal nexus' test enunciated in Scarborough." United States v. Cardoza, 129 F.3d 6, 11 (1997).

Nor do the subsequent Supreme Court decisions in United States v. Morrison, 529 U.S. 602 (2000) or Jones v. United States, 529 U.S. 848 (2000) affect the settled constitutionality of § 922(g).

---

[4]In Lopez, the Supreme Court struck down the Gun Free School Zones Act, 18 U.S.C. § 922(q), which prohibited a person from possessing a gun in a "school zone." The Court reiterated Congress's power under the commerce clause to regulate (1) "the channels of interstate commerce;" (2) "the instrumentalities of interstate commerce, or persons or things in interstate commerce;" (3) and "those activities having a substantial relation to interstate commerce." Lopez, 514 U.S. at 558-559. Lopez concerned only the third category of congressional commerce clause power which was found wanting in that statute.

By contrast, in Scarborough v. United States, 431 U.S. 563, 575 (1977), the Supreme Court held that proof that a possessed firearm had at some time traveled in interstate commerce was sufficient to create the necessary minimal nexus between a statute barring felons from possessing firearms and commerce.

In Morrison, the Court held that, similar to Lopez, a statute providing a federal cause of action for gender-motivated violence against women was beyond Congressional law-making authority to regulate activities that substantially affect interstate commerce. 529 U.S. at 609. Like the statute in Lopez, the Court found that the Violence Against Women Act had no jurisdictional element establishing that the federal cause of action was created in pursuance of Congress' power to regulate interstate commerce. Id. at 612.

Similarly, in Jones, the Court concluded that the federal arson statute, 18 U.S.C. § 844(i), did not reach the arson of an owner-occupied residence that was not used for any commercial purpose because such property could not be said to be "used in or affecting commerce," as required by the statute. 529 U.S. at 859. Thus, as a matter of statutory construction to avoid a Lopez constitutional question relating to the regulation of "traditionally local criminal conduct," the Court refused to read the arson statute to reach owner-occupied non-commercial residences. Id. at 858.

Neither Morrison nor Jones undermines the holding in Scarborough that a firearm's travel in interstate commerce provides the jurisdictional element necessary for the exercise of Congress' power to regulate things in or affecting interstate commerce. In fact, all circuit courts to address the issue after Lopez,

8

Morrison, and Jones, have found 18 U.S.C. § 922(g) constitutionally valid. See United States v. Scott, 263 F.3d 1270, 1274 (11th Cir. 2001); United States v. Daugherty, 264 F.3d 513, 518 (5th Cir. 2001); United States v. Dupree, 258 F.3d 1258, 1259 (11th Cir. 2001) United States v. Stuckey, 255 F.3d 528 (8th Cir. 2001); United States v. Gallimore, 247 F.3d 134, 138 (4th Cir. 2001); United States v. Santiago, 238 F.3d 213, 216-217 (2nd Cir. 2001) (per curiam); United States v. Dorris, 236 F.3d 582, 585-586 (10th Cir. 2000); United States v. Napier, 233 F.3d 394, 399-402 (6th Cir. 20000); United States v. Jones, 231 F.3d 508, 514-515 (9th cir. 2000); United States v. Wesela, 223 F.3d 656, 659-660 (7th Cir. 2000).

There is no reason to believe that the First Circuit would be any different.   Indeed, in an unpublished opinion, the First Circuit noted that other courts have held that "Morrison does not affect the conclusion that § 922(g) is within Congressional authority under the Commerce Clause," and rejected the same constitutional challenge to § 922(g)(9), which prohibits possession by a person convicted of a domestic violence misdemeanor of a firearm which has traveled in interstate commerce.   United States v. Costigan, 18 Fed.Appx. 2, 6 (1st Cir. 2001).

In sum, as the defendant recognizes, there is no current authority available to support his motion to dismiss Count Four.

**C.   Venue is Properly Charged in Count Eleven and There is No Basis to Dismiss Part of This Conspiracy Count**

The defendant Felton seeks dismissal of the second object of the charged conspiracy in Count Eleven, i.e., conspiracy to rob an armored car which was to take place in New Jersey.[5]   Felton argues that he has a constitutional and common law right to be tried in the venue where the crime occurred.   Because the charge is a conspiracy and certain acts of the conspiracy occurred within the District of Massachusetts, venue is proper.

Under Article III of the Constitution[6], the Sixth Amendment of the Constitution[7], and Rule 18 of the Federal Rules of Criminal Procedure[8], Felton has the right to be tried where the crime of conspiracy to rob an armored car occurred.   In order to determine where the crime occurred, "a court must initially identify the conduct constituting the offense (the nature of the crime) and then discern the location of the commission of the criminal acts."

_____

[5]The first object of the charged conspiracy was to rob a bank in Massachusetts, which Felton and his co-conspirator, Thomas Struss, accomplished on February 21, 2001.

[6]Article III of the Constitution provides that "[t]he Trial of all Crimes...shall be held in the State where the said Crimes shall have been committed."   Art. III, § 2, c. 3.

[7]The Sixth Amendment of the Constitution requires that "[i]n all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial, by an impartial jury of the State and district wherein the crime shall have been committed."

[8]Rule 18 of the Federal Rules of Criminal Procedure provides that "prosecution shall be had in a district in which the offense was committed."

United States v. Rodriguez-Moreno, 526 U.S. 275, 1242-43
(1999)(holding that in a prosecution for using or carrying a
firearm during and in relation to a crime of violence, venue is
proper in any district where the crime of violence was committed
even if the firearm was not used or carried in that district).   In
the context of a conspiracy charge[9], the Supreme Court has
recognized that venue is proper both in the location where the
conspiracy is formed and in any location where any overt act in
furtherance of the conspiracy is performed by any member of the
conspiracy.   Hyde v. United States, 225 U.S. 347, 363 (1912).   See
also United States v. Josleyn, 99 F.3d 1182, 1191 (1st Cir. 1996)
and 18 U.S.C. § 3237(a)("[A]n offense against the United States
begun in one district and completed in another, or committed in
more than one district, may be prosecuted in any district in which
such offense was begun, continued, or completed.").   Thus, where
the indictment alleges and the evidence will show that the
formation of the conspiracy occurred in Massachusetts; that Felton
gave Struss a gun in Massachusetts for its eventual intended use in
an armored car robbery in New Jersey; and that phone calls were
made between the conspirators in Massachusetts and New Jersey,

---

[9]Under 18 U.S.C. § 371, a conspiracy to commit an offense or
to defraud the United States occurs when "two or more persons
conspire either to commit any offense against the United States,
or to defraud the United States, or any agency thereof in any
manner or for any purpose, and one or more of such persons do any
act to effect the object of the conspiracy."

venue is proper in Massachusetts.

Felton also seeks dismissal of Count Eleven based on a claimed lack of evidence. However, Felton misconstrues the state of the law regarding the sufficiency of evidence in proving the crime of conspiracy. No rule exists requiring a conspiracy conviction be supported by extrinsic evidence beyond that of the proffered statement of a co-conspirator.[10] Moreover, as Felton correctly recognizes, a defendant may not challenge a facially valid indictment on the grounds of insufficient evidence. Costello v. United States, 350 U.S. 359, 363-64 (1956); United States v. Maceo, 873 F.2d 1, 3 (1st Cir. 1989). Here, the indictment properly alleges that Felton and Struss and another conspired to commit an armored car robbery. Nothing more is required to deny the defendant's motion to dismiss.

---

[10]In defendant's motion he mistakenly cites United States v. Sepulveda, 15 F.3d 1161, 1181-82 (1st Cir. 1993) in support of this proposition. However, Sepulveda holds only that the hearsay statements of an alleged co-conspirator cannot be introduced against a defendant in the absence of extrinsic evidence supporting the declarant's involvement in the conspiracy. 15 F.3d at 1181-81. Sepulveda is inapplicable here. Struss will be testifying himself and therefore the court will not be required to rule on the admissibility of his out of court statements.

**CONCLUSION**

For the foregoing reasons, the defendants' motion to dismiss counts of the indictment should be denied.

Respectfully submitted,

MICHAEL J. SULLIVAN
United States Attorney

By:

S. THEODORE MERRITT
EMILY R. SCHULMAN
Assistant U.S. Attorneys

**CERTIFICATE OF SERVICE**

This is to certify that I have this day served upon the person listed below a copy of the foregoing document by depositing in the United States mail a copy of same in an envelope bearing sufficient postage for delivery:

Lenore Glaser, Esq.
Stern, Shapiro, Weissberg & Garin
90 Canal Street, 5th Floor
Boston, MA 02114

Timothy Watkins, Esq.
Federal Defender's Office
408 Atlantic Avenue
Boston, MA 02210

This 16th day of April, 2002.

S. THEODORE MERRITT
ASSISTANT UNITED STATES ATTORNEY

13