IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA | ) CRIMINAL NO. 01-10198-NG |
| | ) |
| v. | ) |
| | ) |
| LEO V. FELTON | ) |
| ERICA CHASE | ) |

## GOVERNMENT'S OPPOSITION TO DEFENDANTS' JOINT MOTION TO STRIKE

### I. INTRODUCTION

Defendants have moved this Court to exclude paragraphs one through five and eight of the Second Superceding Indictment ("Indictment") as unnecessary, inflammatory and unfairly prejudicial. The United States opposes this untimely motion.[1] The allegations that defendants have moved to strike are integral to the charges contained in the Indictment and reflect evidence which United States properly intends to offer at trial. Any prejudice that defendants may suffer by such proof is not unfair.

---

[1] The grand jury returned the Second Superceding Indictment, including all of the allegations to which defendants now object, on September 19, 2001. The date for filing dispositive motions such as a motion to strike was February 2, 2002. The United States fails to understand why defendants have waited to file the instant motion until July 11, 2002, two business days before opening statements.

1

This Court should deny defendants' motion to strike.[2]

## II.  ARGUMENT

Defendants have articulated no adequate grounds on which to strike these allegations as "surplusage."  A motion to strike surplusage should be granted "only if the targeted allegations are <u>clearly not</u> relevant to the charge <u>and</u> are inflammatory and prejudicial."  <u>United States v. Andrews</u>, 749 F. Supp. 1517, 1518 (N.D. Ill. 1990)(emphasis in original); <u>see also</u> <u>United States v. Huppert</u>, 917 F.2d 507, 511 (11th Cir. 1990); <u>United States v. Fahey</u>, 769 F.2d 829, 841-42 (1st Cir. 1985); <u>United States v. Anderson</u>, 579 F.2d 455, 456 (8th Cir. 1978), <u>cert</u>. <u>denied</u>, 439 U.S. 980 (1978); <u>United States v. Kemper</u>, 503 F.2d 327, 329 (6th Cir. 1974), <u>cert</u>. <u>denied</u>, 419 U.S. 1124 (1974).  As Professor Wright has observed, "[t]his is a rather exacting standard, and only rarely has surplusage been ordered stricken."  1 Wright, <u>Federal Practice and Procedure</u>, Criminal 3d § 127 (2002).  The present case does not present one of those "rare instances" where an order to strike is warranted.  <u>See</u> <u>Andrews</u>, 749 F. Supp. at 1518.

---

[2] Defendants have also moved to preclude the government generally from "presenting cumulative, unnecessary, and unfairly prejudicial evidence at trial" pertaining to the substance of the challenged paragraphs.  (Def. Motion at 1, 4-5)  Because defendants do not identify specific proffered evidence for exclusion, the United States submits that these objections cannot be addressed before trial.

2

First, the challenged allegations are not surplusage because they are relevant to the crimes of which defendants are accused. "The determinative question in a motion to strike surplusage is not the potential prejudice, but rather the relevance of the allegation to the crime charged in the indictment." United States v. Gambale, 610 F. Supp. 1515, 1543 (D.Mass. 1985)(quoting United States v. Napolitano, 552 F. Supp. 465, 480 (S.D.N.Y. 1982), aff'd sub. nom. United States v. Ruggiero, 726 F.2d 913 (2d Cir. 1982)). Defendants complain that the allegations are improper because they allege certain memberships, beliefs and goals that "are not elements of any of the offense[s]." (Def. Motion at 4) This objection misapprehends the legal standard. The indictment need not restrict itself to the hornbook elements of the charged crime; on the contrary, an allegation "should not be stricken if it is relevant in a general sense to the overall scheme charged in the indictment." United States v. Scott-Emuakpor, 2000 WL 288443, at *10 (W.D. Mich. Jan. 25, 2000)(citing United States v. Wecker, 620 F. Supp. 1002, 1006 (D. Del. 1985))(emphasis added); United States v. Yeaman, 987 F. Supp. 373, 376-77 (E.D. Pa. 1997)(same); see also United States v. Hill, 799 F. Supp. 86, 88-89 (D. Kan. 1992)(allegations should not be stricken as surplusage if they "contain relevant background information.").

In the present case, the challenged paragraphs satisfy this

permissive test for relevancy by alleging the scope and purpose of the charged conspiracy, as well as by providing a backdrop for the more particularized allegations that follow.[3] It is immaterial that the "relevant sections of the Code" (Def. Motion at 2) do not formally require such proof. See, e.g., United States v. Thomas, 875 F.2d 559, 562 n.2 (6th Cir. 1989), cert. denied, 493 U.S. 867 (1989)(finding no error in district court's refusal to strike statutorily unnecessary evidence of overt acts because such proof, while not required, "was clearly relevant to prove the existence of the conspiracy"); Parker, 165 F. Supp. 2d at 473 (refusing to strike allegations which, while not formally part of the statute, "may assist the jury in understanding the body of proof which may be offered by the Government in support of the count."). In addition, the challenged allegations bear directly on the defendants' intent to commit the substantive crimes underlying the conspiracy charges, and on their motives to conspire. With respect to defendant Leo Felton, the allegations also bear on the express mens rea element in Count Two.[4] With

---

[3] Indeed, defendants concede that the government is entitled to present at least some evidence regarding white supremacist groups, their ideology and "the overall plan of the conspiracy" in order "to provide context." (Def. Motion at 4) If so, then the challenged allegations are plainly relevant and the allegations cannot constitute surplusage. See, e.g., Hill, 799 F. Supp. at 88-89; Gambale, 610 F. Supp. at 1543.

[4] Receipt of explosives with intent to use to kill or injure persons or damage property in violation of 18 U.S.C. § 844(d).

4

respect to defendant Erica Chase, the allegations are relevant to discredit the potential defense theory that Chase was merely a confused and naive associate of Felton's. While defendants may argue to the jury that these allegations (and the underlying evidence) merit little weight, certainly the allegations are not so "clearly" irrelevant to the government's case that they should be stricken as surplusage. Andrews, 749 F. Supp. at 1518.

The challenged allegations are not surplusage, moreover, because they assert information that the United States intends to prove at trial. See Fahey, 769 F.2d at 842; Scott-Emuakpor, 2000 WL 288443, at *10. In this regard, the purportedly inflammatory nature of the allegations is immaterial -- the Indictment is not itself evidence and it is not subject to the strictures of Fed. R. Evid. 403. See Thomas, 875 F.2d at 562 n.2 ("If the language in the indictment is information which the government hopes to properly prove at trial, it cannot be considered surplusage no matter how prejudicial it may be (provided, of course, it is legally relevant).")(quoting United States v. Climatemp, Inc., 482 F. Supp. 376, 391 (N.D. Ill. 1979), aff'd sub. nom. United States v. Reliable Sheet Metal Works, Inc., 705 F.2d 461 (7th Cir.), cert. denied, 462 U.S. 1134 (1983)); United States v. Parker, 165 F. Supp. 2d 431, 471 (W.D.N.Y. 2001)("[I]f the material in question is subject to the government's anticipated proof at trial, it will not be stricken regardless of the degree

of potential prejudice."). In this case, the evidence at trial will include defendants' correspondence with each other and with other co-conspirators, in which defendants describe their membership in white supremacist groups and discuss the beliefs and practices of those groups. Similarly, defendants' plan "to construct a destructive device for use in blowing up some structure . . . with some perceived Jewish and/or African American association" (Indictment at para. 8) will be the subject of ample proof. Because this and other information in the challenged allegations "will inevitably be part of the relevant and admissible proof at trial," the allegations should not be stricken irrespective of any purported prejudice. See Andrews, 749 F. Supp. at 1519.

Finally, defendants contend that the Indictment language is prejudicial and cumulative because "[t]he jury, through both the pretrial publicity in this case and the issues raised through jury selection, is already acutely aware of the loaded issues involved with trial of this case." (Def. Motion at 3) This argument is at best confusing. Defendants cannot reasonably object to allegations in the Indictment based on what potential jurors learned about this case during voir dire. The Court has already dismissed for cause all jurors who were biased by pretrial publicity, or who found the allegations too "inflammatory" to remain impartial. The remaining jurors are

6

presumptively capable of fair and impartial deliberation on evidence, which the United States will present in accordance with the indictment that the grand jury returned.

### III. CONCLUSION

For the foregoing reasons, this Court should deny defendants' motion to strike.

Respectfully submitted,

MICHAEL J. SULLIVAN
United States Attorney

By: _____
S. THEODORE MERRITT
EMILY R. SCHULMAN
Assistant U.S. Attorneys

CERTIFICATE OF SERVICE

This is to certify that I have this day served upon the counsel by hand a copy of the foregoing document.

This 12th day of July, 2002.

_____
S. THEODORE MERRITT
ASSISTANT UNITED STATES ATTORNEY