UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CRIMINAL NO.: 01-10198 NG

UNITED STATES OF AMERICA

v.

LEO FELTON and ERICA CHASE

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT FELTON'S RENEWED MOTION FOR ACQUITTAL**

## I. INTRODUCTION

In Count Three of this indictment, Leo Felton and Erica Chase are charged with possession of a firearm during and in relation to a crime of violence in violation of 18 U.S.C. § 924(C). The referenced "crime of violence" is described in Count one, which charges the defendants with conspiracy to make and possess a destructive device (as that term is defined at 26 U.S.C. § 5845) which is not registered to them, in violation of 26 U.S.C. § 5822, 5841 and 5861(d) and (f). A portion of Count eleven charges Leo Felton with an intentional and willful conspiracy to commit robbery of an armored car, in violation of 18 U.S.C. § 1951(a).

## II. FACTS

The evidence against Mr. Felton regarding the gun is the testimonies of Kathy McGaffigan and Lisa Meetre. Kathy McGaffigan testified that she retrieved the firearm from the Salem Street apartment at Erica's request[1]. According to McGaffigan, she found the gun in plain view on a makeshift table in the bedroom. The gun was loaded at the time.

Lisa Meetre testified that Felton asked her to deliver a message to Erica that "he never

---

[1] There is no testimony that Felton at any time asked Kathy to remove these items.

touched the gun." She asked him if this was true and he said "yes[2]."

As to the charge of conspiracy to rob an armored car, there is the testimony of Thomas Struss that they were planning to rob an armored car together with a man nicknamed "Conan." Telephone records show that Felton telephoned "Conan" after Struss was arrested for carjacking, a crime he asserts was in preparation for the armored car robbery. There is no evidence of the contents of that or any conversation between Conan and Felton.

**A. Count Three: Possession of a Firearm During and in Furtherance of a Crime of Violence.**

Count three of the indictment charges that:

> "...during and in relation to a crime of violence, to wit: conspiracy to make and possess a destructive device in violation of Title 18, United States Code, Section 371, as charged in Count One of this indictment, [Leo Felton and Erica Chase] did knowingly possess a firearm, that is, an Iberia Model 40 Smith & Wesson semi-automatic pistol, bearing serial number 130358, in furtherance of said crime of violence as charged in Count One of this indictment[3]."

The Supreme Court and this Circuit have held that "mere presence of a firearm without some further purpose is 'insufficient to fulfill the 'in relation to' element." Smith v. United States, 508 U.S. 223, 238 (1993). United States v. Cleveland, 106 F.3d 1056, 1067 (1st Cir. 1997)("the firearm must have some purpose or effect with respect to the crime: its presence or involvement cannot be the result of accident or coincidence").

Most reported cases under section 924(c) are in the context of drug conspiracy cases. However, the Tenth Circuit, in United States v. Lamprey, 127 F.3d 1231, 1240-1 (10th Cir. 1997),

---

[2] Felton asserts that alleged statements of his co-defendant, Erica Chase, may not be used as evidence against him. This includes testimony of John Gaunter that Erica wanted to purchase more that one firearm, as well as comments by James Nieczmura and Kathy McGaffigan.

[3] The defendant does not agree that Count One is a crime of violence.

held that, in a crime of violence, the government must still prove that "the weapon played an integral role in the [underlying] offense" and there is a "nexus between the carriage of the gun and the underlying crime of conspiracy", citing United States v. Richardson, 86 F.3d 1537, 1546, 1548 and United States v. Nicholson, 983 F.2d 990 (10th Cir. 1993). The Court explicitly held that "mere carrying of the gun temporarily to the conspiracy is not enough to meet the "'during and in relation to' element...some further nexus must be shown, such as an overt act of planning for, preparation for, or agreement to the conspiracy." Ibid. Accord: United States v. Shuler, 181 F.3d 1188, 1190 (10th Cir. 1999), United States v. Avery, 2002 WL 146 2849 (10th Cir. 2000).

"In furtherance" is equal to "during and in relation to" in that, the weapon must play an integral part in the underlying offense. United States v. Lamprey, 127 F.3d 1231, 1240 (10th Cir. 1997) *cert. denied* 522 U.S. 1137 (1998). The First Circuit has held that the firearm must further the purpose or effect of the specific crime charged and not the result of coincidence or accident, nor for some other crime or conspiracy. United States v. Payero, 888 F.2d 928, 930 (1st Cir. 1989), United States v. Chiller, 181 F.3d 1188 (10th Cir. 1999), citing United States v. Richardson, 861 F.3d 1537 (10th Cir. 1993). Although the statutory language changed in 1997, the First Circuit has not waived in its interpretation of the statute. For example, the Pattern Jury Instructions for the First Circuit, (2001), require the proof of a nexus and this Court so instructed.

In Lamprey, the defendants actually carried by the firearms. Here, there is no evidence that Leo Felton ever touched, carried or had the gun in his possession. Nor is there any testimony that Erica ever carried the firearm from the apartment on North Salem Street. The charge here is a conspiracy to make or possess, not actual possession nor use. There is no destructive device found because none was made. As the government has previously noted, there is no evidence of a specific

3

target or any target at all. [Govt's Opposition to Defendants' Motion to Suppress, at page 8, docket number 58]. More importantly, there are no facts in evidence that the firearm in any way aided the acquisition of the two components for the fertilizer bomb - the ammonium nitrate or the perchlorate explosive.

**B. Count Eleven: Conspiracy to Rob an Armored Car.**

Leo Felton moves this Court to enter a judgment of acquittal on so much of Count Eleven, which charges him with conspiracy to rob an armored car. Count Eleven charges Leo Felton with an "intentional and willful conspiracy" with Thomas Struss, to "commit robbery of an armored car." There is no corroboration of the testimony of Thomas Struss. It is well settled doctrine that some extrinsic evidence must exist, aside from the proffered statement of a co-defendant. United States v. Sepulveda, 15 F.3d 1161, 1181-2 (1st Cir. 1993); United States v. Pedro Burgos, 239 F.3d 72 (1st Cir. 2000). Here, the government has produced no such evidence.

### III. CONCLUSION

For these reasons, Leo Felton requests that the Court enter a judgment of acquittal on these two counts.

Respectfully Submitted,
LEO FELTON
By his attorney,

*/s/ Lenore Glaser/*
Lenore Glaser, Esq.
Stern, Shapiro, Weissberg & Garin
90 Canal Street, 5th Floor
Boston, MA 02114
(617) 742-5800
BBO # 194220

Dated: August 2, 2002

**CERTIFICATE OF SERVICE**
I, Lenore Glaser, certify that a true copy of this document was mailed first class to S. Theodore Merritt, Esq., Assistant U.S. Attorney, U.S. District Court, 1 Courthouse Way, Suite 9200, Boston, MA 02210, Timothy Watkins, Esq., Federal Defender's Office, 408 Atlantic Avenue, 3rd Floor, Boston, MA 02210 and Leo Felton, MCI Plymouth, 26 Long Pond Rd, Plymouth, MA 02360 on August 2, 2002. */s/ Lenore Glaser/*
Lenore Glaser, Esq.