UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | |
| v. | * | Criminal No. 1:01-cr-10198-IT |
| | * | |
| LEO V. OLADIMU, | * | |
| Defendant | * | |

ORDER DENYING EMERGENCY MOTION
March 31, 2020

TALWANI, D.J.

Before the court is Defendant Leo Oladimu's Motion for Release Pending Sentencing (Based on the COVID-19 Pandemic) ("Mtn. for Rel.") [#394]. Defendant asks that the court "release him pending sentencing" pursuant to 18 U.S.C. § 3143. The government opposes the motion. Opposition to Petitioner's Motion for Release Pending Sentencing 1 [#396].

Defendant is currently serving a 322 month prison sentence, Amended Judgment [#306], which he has petitioned to vacate. Amended Motion to Vacate Under 28 U.S.C. § 2255 [#351]. The parties agree that Defendant's conviction under 18 U.S.C. § 924(c) is invalid in light of the Supreme Court's decision in United States v. Davis, 139 S.Ct. 2319 (2019), and that his sentence must be vacated and Defendant must be resentenced. However, the parties dispute whether Defendant is properly classified as an Armed Career Criminal for purposes of calculating his sentencing guidelines for resentencing. Supplemental Memorandum in Light of United States v. Davis, 139 S.Ct. 2319 (2019) 1 [#380]; Government's Response to Supplemental Memorandum in Light of United States v. Davis, 139 S.Ct. 2319 (2019) 1 [#384]. The court has set a hearing to address this dispute for April 21, 2020. See Elec. Ord. [#393].[1]

---

[1] Defendant's Motion for Release 3 [#394] erroneously refers to the upcoming April 21, 2020, hearing on his Amended 28 U.S.C. § 2255 Motion [#351] as a "sentencing."

Defendant's Motion for Release [#394] argues for release under 18 U.S.C. § 3143(a). That section provides for release for

> a person who has been found guilty of an offense and who is awaiting imposition or execution of sentence, other than a person for whom the applicable guideline promulgated pursuant to 28 U.S.C. 994 does not recommend a term of imprisonment [shall] be detained, unless the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released . . . .

This section is not directly applicable as Defendant is awaiting an Amended Judgment modifying his sentence, not imposition of a sentence in the first instance.

Assuming that the provision can be applied here, Defendants' argument depends on the court accepting his view on his ACCA claim set forth in the pending Amended 28 U.S.C. § 2255 Motion [#351]. The court has not yet made that determination, and Defendant's motion is therefore premature.

However, because both parties agree that the court must resentence Defendant regardless of the outcome of his ACCA claim, the court directs the clerk to endeavor to schedule the resentencing immediately following the April 21, 2020, hearing on Defendant's Amended 28 U.S.C. § 2255 Motion [#351], so long as there is no objection to the court conducting that sentencing by video in deference to the ongoing coronavirus pandemic and pursuant to the CARES Act, Pub. L. 116-136, 134 Stat. 281 and General Order 20-12: "Order Concerning Video and Telephone Conferencing for Felony Please and Sentencing."

Accordingly, for the foregoing reasons, Defendant's Motion for Release Pending Sentencing [#394] is DENIED.

IT IS SO ORDERED.

Date:   March 31, 2020                                                         /s/ Indira Talwani
                                                                                   United States District Judge