UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * * | |
| v. | * * | Criminal No. 1:01-cr-10198-IT |
| LEO V. OLADIMU | * * * | |

Memorandum and Order Denying Second Emergency Motion for Release
April 14, 2020

Before the court is Defendant Leo V. Oladimu's second Emergency Motion for Release ("Second Mtn. for Rel.") [#399].

I. Background

Defendant is currently serving a 322 month prison sentence, Amended Judgment [#306], which he has petitioned to vacate. Amended Motion to Vacate Under 28 U.S.C. § 2255 [#351]. The parties agree that Defendant's conviction under 18 U.S.C. § 924(c) is invalid in light of the Supreme Court's decision in United States v. Davis, 139 S.Ct. 2319 (2019), his sentence must be vacated, and he must be resentenced. The parties dispute whether Defendant is properly classified as an Armed Career Criminal for purposes of calculating his sentencing guidelines for resentencing. Supplemental Mem. in Light of United States v. Davis, 139 S.Ct. 2319 (2019) 1 [#380]; Government's Response to Supplemental Mem. in Light of United States v. Davis, 139 S.Ct. 2319 (2019) 1 [#384]. The court set a hearing for April 21, 2020, to address this dispute. Elec. Ord. [#393].

Defendant's first Emergency Motion for Release [#394] asked that the court "release him pending sentencing" under 18 U.S.C. § 3143. In denying that motion, the court held that the statutory provision Defendant relied on was not directly applicable because he is "awaiting an Amended Judgment modifying his sentence, not imposition of a sentence in the first instance." Order 2 [#397]. Moreover, even assuming that § 3143 applied here, "Defendants' argument depends on the court

accepting his view on his ACCA claim set forth in the pending Amended 28 U.S.C. § 2255 Motion [#351]." Id. As the court has not yet made that determination, the court found Defendant's motion to be premature. Id.

Although the court denied the Emergency Motion for Release [#394], the court took note of the ongoing coronavirus pandemic and concluded that the case could not be further delayed without serious harm to the interests of justice. Elec. Order [#398]. Accordingly, pursuant to the CARES Act, Pub. L. 116-136, 134 Stat. 281, and General Order 20-12: "Order Concerning Video and Telephone Conferencing for Felony Pleas and Sentencing," the court directed counsel to consult with the Defendant and advise the court whether he consents to resentencing by videoconference. Id. After counsel confirmed that Defendant consented, Consent [#400], the court set resentencing for April 21, 2020.

Meanwhile, Defendant filed his Emergency Motion for Release [#399] seeking release pending adjudication of his Amended Motion to Vacate Under 28 U.S.C. § 2255 [#351]. The government opposes the motion. Opposition [#403].

I. Standard of Review

A district court "entertaining a petition for habeas corpus has inherent power to release the petitioner pending determination of the merits." Woodcock v. Donnelly, 470 F.2d 93 (1st Cir. 1972). In considering such a release while a defendant collaterally challenges a sentence following conviction and appeal, a court must ask not only whether there are "substantial questions presented" by the collateral challenge but also whether "there is some circumstance making this application exceptional and deserving of special treatment in the interests of justice." Glynn v. Donnelly, 470 F.2d 95, 98 (1st Cir. 1972) (quoting Aronson v. May, 85 S.Ct. 3, 5 (1964)). Exceptional circumstances require "something more" than a finding "that the allegations of his petition for habeas corpus made out a clear case for his release." Glynn, 470 F.2d at 98 (quoting Benson v.

2

California, 328 F.2d 159, 162 (9th Cir. 1964)).

II. Discussion

Defendant incorporates his previous motion seeking release pending sentencing and additionally argues that combined circumstances of the COVID-19 pandemic and Defendant's high blood pressure make this application "exceptional and deserving of special treatment in the interests of justice." Second Mtn. for Rel. 4-5, 7-8 [#399] (quoting Glynn v. Donnelly, 470 F.2d 95, 98 (1st Cir. 1972)).

Defendant argues that, even if he is still properly considered an Armed Career Criminal, "under the longest term of incarceration likely, the Defendant's release date would be January 19, 2021." Id. at 6. He argues further that "[a]s a federal prisoner with less than nine months left to serve, Mr. Oladimu would be immediately eligible for transfer to a residential re-entry center" under 18 U.S.C. § 3624(c)(1), and that, pursuant to the CARES Act, 18 U.S.C. § 3624(c)(2), "he is immediately eligible for release to home confinement." Id. This argument counsels in favor of a prompt resentencing (which this court has scheduled for one week from today), but not for release prior to resentencing.

Defendant argues further that because the Bureau of Prisons (BOP) is prioritizing release of prisoners in facilities that already have confirmed cases of COVID-19 and because there is no administrative process set up yet to request home confinement, there will be a delay before BOP will evaluate his request for emergency release. Id. This is an argument that Defendant may raise at next week's resentencing, but again is premature here.

Finally, Defendant argues that it is "likely" that he will be "exposed to a high viral dose of COVID-19" at Donald Wyatt Federal Detention Facility where he is presently detained, id. at 6, that "exposure to 'infectious diseases such as hepatitis and venereal disease,' constitutes cruel and unusual punishment," id. at 7 (quoting Hutto v. Finney, 437 U.S. 678, 682 (1978)), and that

3

"[c]onfinement under such circumstances meets the standard of 'deliberate indifference to serious medical needs of [a] prisoner.'" Id. at 8 (quoting Estelle v. Gamble, 429 U.S. 97, 104 (1976)). Defendant concludes that he faces a greater risk of death if he remains incarcerated than if he were on death row. Id. at 2-3.

Although the court does not minimize the general risk faced by prisoners and prison employees during the COVID-19 pandemic, Defendant's assertion of the extraordinary risk he faces is not supported by the factual record. Defendant is under 50 years old and has not identified a medical condition presenting a particular risk relating to COVID-19. See Opposition 2 [#403]. Wyatt, in turn, reportedly has had no confirmed cases of COVID-19 at the facility as of April 8, 2020, the day before the government filed its Opposition [#403]. Id. at 4.

Finally, the record concerning Defendant's conditions of confinement is disputed. While Defendant contends that he resides in a 4-person cell too small to stay six feet away from others in the cell, eats together with other prisoners, and has no access to hand sanitizer, Decl. of Counsel 1-2 [#401], the government asserts that Defendant is housed in a single-occupancy cell, that he has water and soap to wash his hands, and that meals and medications are delivered to him in his cell. Decl. of AUSA Barclay 1-2 [#403-1]. At Defendant's request, the court will consider this factual dispute at the April 21, 2020, hearing. At this juncture, Defendant's emergency motion does not establish exceptional circumstances warranting release prior to the hearing on Defendant's habeas petition and resentencing scheduled for next week.

III. Conclusion

For the foregoing reasons, Defendant's Emergency Motion for Release [#399] is DENIED.

IT IS SO ORDERED.

Date: April 14, 2020 /s/ Indira Talwani
United States District Judge