**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

_____

)
)
)
**UNITED STATES**                     )
                                      )        **Cr. No. 01-10198-IT**
**v.**                                )        **Civ. No. 07-11961-IT**
                                      )
**LEO V. OLADIMU**                    )
_____)

### GOVERNMENT'S SENTENCING SUBMISSION

The United States respectfully submits the information contained herein in advance of the April 21, 2020 hearing on Petitioner's Second or Successive Motion Pursuant to 28 U.S.C. § 2255 (the Instant 2255), and resentencing in light of *United States v. Davis*, 139 S.Ct. 2319 (2019).

#### A.  Notice of Additional Authorities

It remains the government's position that, to the extent Petitioner's claims regarding his sentence on Counts 1, 2, and 4 through 12 are based on *Johnson v. United States*, 135 S.Ct. 2551 (2105), the Instant 2255 is neither timely nor cognizable under any actual innocence standard. *See* Dkt. No. 353.  As set forth in the government's opposition to the Instant 2255, even if the Court were to reach Petitioner's *Johnson* claims, four of his prior convictions remain violent felonies under the Armed Career Criminal Act.  In addition to the authorities and arguments set forth in the government's original opposition to the Instant 2255 (Dkt. No. 353), the government brings to the Court's attention several additional relevant authorities regarding his New York First Degree Assault and his New Jersey Aggravated Assault convictions.

First, in response to Petitioner's argument in his Reply to Government's Response  to Amended 28 U.S.C. § 2255 Motion (the Reply) that subsection (1) of N.Y.P.L. § 120.10 (New

York First Degree Assault) is not a violent felony (*see* Dkt. No. 361, at 19-20), the government

notes that the Second Circuit has conclusively held that New York first degree assault in

violation of N.Y.P.L. § 120.10(1) is a violent felony. *United States v. Houston*, 732 Fed.Appx.

24, 28-29 (2d Cir. 2018) (unpublished). *See also United States v. Collins*, Case No. 18-4525,

2020 WL 1528268, *4 (4th Cir. Mar. 20, 2020).

Second, in response to Petitioner's argument in the Reply that New Jersey aggravated

assault in violation of N.J. Stat. Ann. § 2C:12-1b(1) (eff. to 2000) is not a violent felony because

it allows for conviction requiring a *mens rea* of "recklessness" (*see* Dkt. No. 361, at 11-16), the

government notes that the Third Circuit has held that recklessness-based aggravated assault

under § 2C:12-1b(1) is a crime of violence under the residual clause used in 18 U.S.C. § 16(b),

which is in all relevant respects identical to that used in U.S.S.G. § 4B1.2(a)(2) (2002). *Baptiste*

*v. Att'y Gen.*, 841 F.3d 601, 606-15 (3d Cir. 2016). *See also Mells v. United States*, Case No. 16-

5557, 2019 WL 4463349, *5 (D.N.J. Sept. 17, 2019). Accordingly, even if Petitioner's New

Jersey aggravated assault conviction does not qualify as violent felony under the ACCA, he

would still have the requisite two qualifying prior convictions for a crime of violence for career

offender purposes – (1) his New York conviction for second-degree assault (*see* Dkt. No. 361, at

20, conceding that that New York second-degree assault is a violent felony under *Lassend v.*

*United States*, 898 F.3d 115 (1st Cir. 2018)); (2) his New York conviction for attempted first-

degree assault (*see United States v. Houston*, 732 F. App'x 24, 28-29 (2d Cir. 2018)

(unpublished)); and (3) his New Jersey conviction for aggravated assault (*see Baptiste*, 841 F.3d

at 606-15). Petitioner's career offender designation yields a career offender offense level of 33

and a Criminal History Category of VI, resulting in a Guidelines sentencing range of 235 to 293

months. Because that range exceeds the mandatory minimum sentence of 180 months under the

ACCA, any error in sentencing the Petitioner as an armed career criminal was harmless. *See*

*United States v. Mack*, 344 F. App'x 623 624 (1st Cir. 2009) (unpublished) (defendant failed to

show that any error in ACCA sentence affected his substantial rights because sentence was

independently justified by career offender designation, which resulted in same Guidelines range

and which defendant did not challenge) (citing United States v. Rivera, 448 F.3d 82, 86 n.1 (1st

Cir. 2006)).

### B.  Additional Information Regarding Prison Discipline

As set forth in the April 20, 2020 Memorandum submitted by the United States

Probation Officer, Bureau of Prisons (BOP) records available through Sentry indicate that

the Petitioner has been the subject of 35 disciplinary reports while in BOP custody,

including Assaulting with Serious Injury (November 2015); Assaulting without Serious

Injury (October 2005 and November 2016); Fighting with Another Person (December

2003, March 2004, January 2008, April 2012, December 2014, and April 2019);

Possession of a Dangerous Weapon (January 2008, December 2008, and April 2016);

Threatening Bodily Harm (September 2009); Possessing Intoxicants (July 2003);

Possessing Drugs/Alcohol (November 2011); Using Drugs/Alcohol (December 2018);

Disruptive Conduct (March 2004, January 2006, and November 2011); Encouraging

Refusal of Work (November 2004); Interfering with Security Devices (February 2017);

Destroying Property Over $100 (April 2016); Destroying Property $100 or Less (May

2016 and March 2017); Being Insolent to Staff Member (February 2009 and February

2017); Refusing to Obey an Order (August 2009 and September 2009); Failing to

Following Safety Regulations (August 2009); Failing to Stand for Count (September

2009 and April 2011); Interfering with Staff (April 2010 and November 2010); Being

Absent from Assignment (July 2014 and November 2015); and Refusing Work/Program

Assignment (February 2016).  Sanctions for these violations have included the

disallowance/forfeiture of *929 days of good conduct time*; disciplinary segregation; the

temporary loss of various privileges; and multiple disciplinary transfers.

The government secured and provided to defense counsel and the Probation Officer

the case files for offenses identified on the Petitioner's disciplinary record for the last five

years.  Submitted herewith are redacted portions of the files related to four particularly

telling recent incidents: Assault With Serious Injury in November 2015 (Exhibit 1), Assault

in November 2016 (Exhibit 2), Use of Narcotics in January 2019 (Exhibit 3), and Fighting

in April 2019 (Exhibit 4).  As set forth in the attached reports, surveillance video confirmed

that Petitioner was the aggressor in both the November 2015 Assault With Serious Injury

(on an inmate in a wheelchair) and the November 2016 Assault.  Exs. 1, 2.  In addition, the

government notes that the fighting and narcotics incidents (Exs. 3 and 4) both took place

after Petitioner filed the Instant 2255.  Thus, even as his lawyers were arguing that he

should be resentenced to less time, Petitioner was using narcotics and physically fighting

with another inmate.

The Sentry records and BOP disciplinary records demonstrate that Petitioner, as the

government predicted at his sentencing in 2002, continues to be a dangerous threat to the

safety of the community at large.  *See* Dkt. No. 228.  Accordingly, the government requests

that the Court sentence Petitioner to 274 months.  The term is equivalent to the Court's

December 2002 sentence on Counts 1, 2 and 4 through 12 (262 months), plus 12 months

in consideration of Petitioner's lengthy and violent BOP record.  *See Pepper v. United States*, 131 S.Ct. 1299 (2011); 18 U.S.C. § 3661 ("No limitation shall be placed on the information concerning the background, character, and conduct of a person convicted of an offence which a court of the United States may receive and consider for the purpose of imposing an appropriate sentence."); USSG §1B1.4 ("In determining the sentence to impose within the guideline range, or whether a departure from the guidelines is warranted, the court may consider, without limitation, any information concerning the background, character and conduct of the defendant, unless otherwise prohibited by law.") (citing 18 U.S.C. § 3661); *see also United States v. Ventura*, 864 F.3d 301, 312-13 (4th Cir. 2017) (on remand for resentencing, holding that district court did not act unreasonably or commit any procedural error in considering defendant's post-sentencing conduct during his incarceration); *United States v. Stewart*, 686 F.3d 156, 164 n.5 (2d Cir. 2012) ("[T]he district court [is] required to resentence [a defendant] in light of the circumstances as they [stand] at the time of [her] resentencing. This principle applies to mitigating considerations with equal force as it applies to aggravating ones." (internal quotation marks and citations omitted) (alterations in original)).  Further, the recommended sentence falls within – and not at the high end – of the applicable USSG ranges, whether Petitioner is a Career Offender or an Armed Career Criminal, or both.

Respectfully submitted,

ANDREW E. LELLING
UNITED STATES ATTORNEY

By:     /s/Kristina E. Barclay
        KRISTINA E. BARCLAY
        Assistant United States Attorney
        United States Attorney's Office

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants .

/s/ *Kristina E. Barclay*
Kristina E. Barclay
Assistant United States Attorney

Date: April 20, 2020