AO 245C (Rev. 02/18) Amended Judgment in a Criminal Case
Sheet 1

(NOTE: Identify Changes with Asterisks (*))

# UNITED STATES DISTRICT COURT

## District of Massachusetts

| UNITED STATES OF AMERICA | ) | AMENDED JUDGMENT IN A CRIMINAL CASE |
|---|---|---|
| v. | ) | |
| LEO V. OLADIMU | ) | Case Number: 1: 01 CR 10198 - 02 - IT |
| (formerly known as Leo V. Felton) | ) | USM Number: 23663-038 |

**Date of Original Judgment:** 5/6/2020
*(Or Date of Last Amended Judgment)*

Dana L. Goldblatt, Esq.
Defendant's Attorney

**Reason for Amendment:**
- ☐ Correction of Sentence on Remand (18 U.S.C. 3742(f)(1) and (2))
- ☐ Reduction of Sentence for Changed Circumstances (Fed. R. Crim. P. 35(b))
- ☐ Correction of Sentence by Sentencing Court (Fed. R. Crim. P. 35(a))
- ☐ Correction of Sentence for Clerical Mistake (Fed. R. Crim. P. 36)

- ☐ Modification of Supervision Conditions (18 U.S.C. §§ 3563(c) or 3583(e))
- ☑ Modification of Imposed Term of Imprisonment for Extraordinary and Compelling Reasons (18 U.S.C. § 3582(c)(1))
- ☐ Modification of Imposed Term of Imprisonment for Retroactive Amendment(s) to the Sentencing Guidelines (18 U.S.C. § 3582(c)(2))
- ☐ Direct Motion to District Court Pursuant ☐ 28 U.S.C. § 2255 or ☐ 18 U.S.C. § 3559(c)(7)
- ☐ Modification of Restitution Order (18 U.S.C. § 3664)

**THE DEFENDANT:**
- ☐ pleaded guilty to count(s)
- ☐ pleaded nolo contendere to count(s) which was accepted by the court.
- ☑ was found guilty on count(s) 1s-2s, 4s-9s, & 11s-12s after a plea of not guilty after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18 USC § 371 | Conspiracy to Make and Possess a Destructive Device | 04/19/01 | 1s |
| 18 USC § 844(d) | Receipt of Explosives with Intent to Kill or Injure Persons or Destroy or Destroy Property | 04/17/01 | 2s |
| 18 USC §922(g)(1) | Felon in Possession of Firearm | 04/19/01 | 4s & 5s |
| 18 USC § 371 | Conspiracy to Make and Pass Counterfeit Federal Reserve Notes | 04/27/01 | 6s |

The defendant is sentenced as provided in pages 2 through 8 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

- ☐ The defendant has been found not guilty on count(s)
- ☑ Count(s) 3s ☐ is ☑ is vacated pursuant to *United States v. Davis*, 139 S. Ct. 2319 (2019).

It is ordered that the defendant must notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

12/11/2020
Date of Imposition of Judgment

*/s/ Indira Talwani*
Signature of Judge  The Honorable Indira Talwani
U.S.D.J.
Name and Title of Judge

12/11/2020
Date

AO 245C (Rev. 02/18)  Amended Judgment in a Criminal Case
Sheet 1A

(NOTE: Identify Changes with Asterisks (*))

Judgment — Page 2 of 8

DEFENDANT: LEO V. OLADIMU (formerly known as Leo V. Felton)
CASE NUMBER: 1: 01 CR 10198 - 02 - IT

## ADDITIONAL COUNTS OF CONVICTION

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18 USC § 471 | Making Counterfeit Federal Reserve Notes | 4/19/2001 | 7s |
| 18 USC § 371 | Conspiracy to Obstruct Justice | 5/1/2001 | 8s |
| 18 USC § 1512(b)(2)(B) | Obstruction of Justice | 4/19/2001 | 9s |
| 18 USC § 371 | Conspiracy to Commit Bank Robbery and Interfere with Commerce by Robbery | 4/30/2001 | 11s |
| 18 USC § 2113(a) | Bank Robbery | 2/21/2001 | 12s |

AO 245C (Rev. 02/18)  Amended Judgment in a Criminal Case
                  Sheet 2 — Imprisonment      (NOTE: Identify Changes with Asterisks (*))

DEFENDANT:   LEO V. OLADIMU (formerly known as Leo V. Felt)
CASE NUMBER: **1: 01 CR 10198  - 02  - IT**

Judgment — Page  3  of  8

## IMPRISONMENT

The defendant is hereby committed to the custody of the Federal Bureau of Prisons to be imprisoned for a total term of :

Time served.*

☐   The court makes the following recommendations to the Bureau of Prisons:

☐   The defendant is remanded to the custody of the United States Marshal.

☐   The defendant shall surrender to the United States Marshal for this district:

    ☐  at _____ ☐ a.m.  ☐ p.m.  on _____

    ☐  as notified by the United States Marshal.

☐   The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

    ☐  before 2 p.m. on _____

    ☐  as notified by the United States Marshal.

    ☐  as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:


Defendant delivered on _____ to _____

at _____ with a certified copy of this judgment.


UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

AO 245C (Rev. 02/18) Amended Judgment in a Criminal Case
Sheet 3 — Supervised Release

(NOTE: Identify Changes with Asterisks (*))

DEFENDANT: LEO V. OLADIMU (formerly known as Leo V. Felton)
CASE NUMBER: 1: 01 CR 10198 - 02 - IT

Judgment—Page 4 of 8

## SUPERVISED RELEASE

Upon release from imprisonment, you will be on supervised release for a term of :

*an initial 48 days as a substitute for the 48 day unserved portion of the previously imposed 252 month sentence; and

thereafter, three (3) Years on each count, concurrent with each other.

## MANDATORY CONDITIONS

1. You must not commit another federal, state or local crime.
2. You must not unlawfully possess a controlled substance.
3. You must refrain from any unlawful use of a controlled substance. You must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.
   - ☐ The above drug testing condition is suspended, based on the court's determination that you pose a low risk of future substance abuse. *(check if applicable)*
4. ☑ You must cooperate in the collection of DNA as directed by the probation officer. *(check if applicable)*
5. ☐ You must comply with the requirements of the Sex Offender Registration and Notification Act (34 U.S.C. § 20901, *et seq.*) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in the location where you reside, work, are a student, or were convicted of a qualifying offense. *(check if applicable)*
6. ☐ You must participate in an approved program for domestic violence. *(check if applicable)*

You must comply with the standard conditions that have been adopted by this court as well as with any other conditions on the attached page.

AO 245C (Rev. 02/18) Amended Judgment in a Criminal Case
Sheet 3A — Supervised Release

DEFENDANT:   LEO V. OLADIMU (formerly known as Leo V. Felton)
CASE NUMBER: 1: 01 CR 10198  - 02  - IT

Judgment—Page  5  of  8

## STANDARD CONDITIONS OF SUPERVISION

As part of your supervised release, you must comply with the following standard conditions of supervision. These conditions are imposed because they establish the basic expectations for your behavior while on supervision and identify the minimum tools needed by probation officers to keep informed, report to the court about, and bring about improvements in your conduct and condition.

1. You must report to the probation office in the federal judicial district where you are authorized to reside within 72 hours of your release from imprisonment, unless the probation officer instructs you to report to a different probation office or within a different time frame.
2. After initially reporting to the probation office, you will receive instructions from the court or the probation officer about how and when you must report to the probation officer, and you must report to the probation officer as instructed.
3. You must not knowingly leave the federal judicial district where you are authorized to reside without first getting permission from the court or the probation officer.
4. You must answer truthfully the questions asked by your probation officer.
5. You must live at a place approved by the probation officer. If you plan to change where you live or anything about your living arrangements (such as the people you live with), you must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
6. You must allow the probation officer to visit you at any time at your home or elsewhere, and you must permit the probation officer to take any items prohibited by the conditions of your supervision that he or she observes in plain view.
7. You must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses you from doing so. If you do not have full-time employment you must try to find full-time employment, unless the probation officer excuses you from doing so. If you plan to change where you work or anything about your work (such as your position or your job responsibilities), you must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
8. You must not communicate or interact with someone you know is engaged in criminal activity. If you know someone has been convicted of a felony, you must not knowingly communicate or interact with that person without first getting the permission of the probation officer.
9. If you are arrested or questioned by a law enforcement officer, you must notify the probation officer within 72 hours.
10. You must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person such as nunchakus or tasers).
11. You must not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court.
12. If the probation officer determines that you pose a risk to another person (including an organization), the probation officer may require you to notify the person about the risk and you must comply with that instruction. The probation officer may contact the person and confirm that you have notified the person about the risk.
13. You must follow the instructions of the probation officer related to the conditions of supervision.

## U.S. Probation Office Use Only

A U.S. probation officer has instructed me on the conditions specified by the court and has provided me with a written copy of this judgment containing these conditions. For further information regarding these conditions, see *Overview of Probation and Supervised Release Conditions*, available at: www.uscourts.gov.

Defendant's Signature _____   Date _____

AO 245C (Rev. 02/18)   Amended Judgment in a Criminal Case
Sheet 3B — Supervised Release

(NOTE: Identify Changes with Asterisks (*))

DEFENDANT:   LEO V. OLADIMU (formerly known as Leo V. Felton)
CASE NUMBER: 1: 01 CR 10198 - 02 - IT

Judgment—Page 6 of 8

## ADDITIONAL SUPERVISED RELEASE TERMS

1. The defendant is prohibited from possessing a firearm or other dangerous weapon.
2. The defendant is to pay the balance of the restitution according to a court-ordered repayment schedule.
3. The defendant is prohibited from incurring new credit charges or opening additional lines of credit without the approval of the probation officer unless the defendant is in compliance with the payment schedule.
4. The defendant is to provide the Probation Office access to any requested financial information.
5. The financial information provided to the Probation Office by the defendant may be shared with the Financial Litigation Unit of the U.S. Attorney's Office.
6. The defendant is to participate in a program for substance abuse counseling as directed by the Probation Office, which program may include testing, not to exceed 150 drug tests per year to determine whether he has reverted to the use of alcohol or drugs. The defendant shall be required to contribute to the costs of evaluation, treatment, programming, and/or monitoring, based on the ability to pay or availability of thirdparty payment.
7. The defendant is to participate in a mental health program as directed by the Probation Office. The defendant shall be required to contribute to the costs of evaluation, treatment, programming, and/or monitoring, based on the ability to pay or availability of third-party payment.
8. The defendant shall at a Residential Reentry Center (RRC) for a period of up to six (6) months, or until he can secure housing that has been approved by the United States Probation Office. While at the RRC, the defendant shall shall abide by all the rules of the facility.
*9. During the 48 day additional term of supervised release, defendant shall be on home confinement at the location approved by the probation office, with electronic monitoring, subject to modification by the probation office if needed for employment purposes or other activities approved in advance by probation. Defendant shall pay for the cost of the program as determined under the national contract and defendant is responsible for returning the monitoring equipment in good condition and may be charged for replacement or repair of the equipment.
*10. Upon arrival in the District, Defendant shall reside at the address designated by Probation and shall self isolate for 14 days or until receipt of a negative COVID-19 test.

AO 245C (Rev. 02/18) Amended Judgment in a Criminal Case
Sheet 5 — Criminal Monetary Penalties

(NOTE: Identify Changes with Asterisks (*))

Judgment — Page 7 of 8

DEFENDANT: LEO V. OLADIMU (formerly known as Leo V. Felton)
CASE NUMBER: 1: 01 CR 10198 - 02 - IT

## CRIMINAL MONETARY PENALTIES

The defendant must pay the following total criminal monetary penalties under the schedule of payments on Sheet 6.

|        | Assessment | JVTA Assessment* | Fine | Restitution |
|--------|------------|------------------|------|-------------|
| TOTALS | $ 1,000.00 | $                | $    | $ 1,128.00  |

☐ The determination of restitution is deferred until _____. An *Amended Judgment in a Criminal Case* (AO 245C) will be entered after such determination.

☑ The defendant shall make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| Name of Payee  | Total Loss** | Restitution Ordered | Priority or Percentage |
|----------------|--------------|---------------------|------------------------|
| Citizen's Bank | $1,128.00    | $1,128.00           |                        |
| TOTALS         | $ 1,128.00   | $ 1,128.00          |                        |

☐ Restitution amount ordered pursuant to plea agreement $ _____

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☑ The court determined that the defendant does not have the ability to pay interest, and it is ordered that:

☑ the interest requirement is waived for ☐ fine ☑ restitution.

☐ the interest requirement for the ☐ fine ☐ restitution is modified as follows:

* Justice for Victims of Trafficking Act of 2015, Pub. L. No. 114-22.
** Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

AO 245C (Rev. 02/18) Amended Judgment in a Criminal Case
Sheet 6 — Schedule of Payments

(NOTE: Identify Changes with Asterisks (*))

DEFENDANT: LEO V. OLADIMU (formerly known as Leo V. Felton)
CASE NUMBER: 1: 01 CR 10198  - 02  - IT

Judgment — Page  8  of  8

## SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties shall be due as follows:

A  ☑  Lump sum payment of $ 1,000.00  due immediately, balance due

☐ not later than _____ , or
☐ in accordance with  ☐ C,  ☐ D,  ☐ E, or  ☐ F below; or

B  ☐  Payment to begin immediately (may be combined with  ☐ C,  ☐ D, or  ☐ F below); or

C  ☐  Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after the date of this judgment; or

D  ☐  Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after release from imprisonment to a term of supervision; or

E  ☑  Payment during the term of supervised release will commence within  60  (e.g., 30 or 60 days) after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

F  X☐  Special instructions regarding the payment of criminal monetary penalties:

The defendant shall receive credit for all payments previously made. Notably, the special assessment has been paid in full. Payment of restitution is deferred until the defendant is released on conditions of supervised release and shall be paid according to a payment schedule to be set by the court. Payments shall be made to the Clerk, U.S. District Court for transfer to Citizens Bank.

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during the period of imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☑ Joint and Several

Defendant and Co-Defendant Names and Case Numbers *(including defendant number)*, Total Amount, Joint and Several Amount, and corresponding payee, if appropriate.

The restitution shall be paid by the defendant jointly and severally with any other person(s) convicted of the instant offense who is or may be ordered to pay restitution in this matter, namely, Thomas A. Struss, who was convicted of a related case in Case Number 1:01-cr-00562-JBS-1 (D. New Jersey).

☐ The defendant shall pay the cost of prosecution.

☐ The defendant shall pay the following court cost(s):

☐ The defendant shall forfeit the defendant's interest in the following property to the United States:

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) JVTA assessment, (8) penalties, and (9) costs, including cost of prosecution and court costs.