UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | |
| v. | * | Criminal Action No. 1:01-cr-10198-IT |
| | * | |
| LEO V. OLADIMU, | * | |
| | * | |
| Defendant. | * | |

MEMORANDUM

JULY 26, 2023

TALWANI, D.J.

On January 28, 2021, after 19 years in custody, Leo V. Oladimu was released from prison and commenced a three year term of supervised release. In July 2023, the Central District of California Probation Office denied Mr. Oladimu's request to transfer supervision to California and Mr. Oladimu filed the pending Motion to Terminate Supervised Release [Doc. No. 500]. The court is now requesting that the Chief United States Probation Officer for the Central District of California or her designee reconsider the denial of the request to transfer supervision.

Some clarification of the record may be helpful. First, to the court's knowledge, Mr. Oladimu's only period of residence in the District of Massachusetts prior to his release from custody was a three month period twenty years earlier, from January 2001 until his arrest in April 2001 in connection with the underlying criminal conviction.

Second, in 2020, Mr. Oladimu was still in custody. Accordingly, there was no prior request to transfer supervised release that could have been rejected at that time. Instead, the court's denials of requests from 2020 were directed to the question of whether he should be released from custody early, and not where supervision should take place. Order [Doc. No. 404].

Third, Mr. Oladimu has requested that his supervised release occur in California since his resentencing in 2020. See Defendant's Sentencing Memorandum 1 [Doc. No. 409]. The individuals who have directly supported his request appear to have had independent reasons to be in California, but to the extent that they have chosen to be in California to support his move there, the court finds nothing inappropriate in those actions. Mr. Oladimu and his wife, Erica Chase Oladimu, may not have extensive contacts in California, but it appears that to the extent Mr. Oladimu has any community, see Letter from Erica Oladimu as to Leo V. Oladimu [Doc. No. 500], it is now in California. Moreover, although Erica Chase Oladimu was Mr. Oladimu's co-defendant in the very serious underlying offenses, she has presented the court with her Affidavit setting forth facts showing her rehabilitation, see Affidavit of Erica Chase [Doc. 480-2], and the court has previously found that she "is likely a positive influence on Oladimu as he works to integrate himself into the community." Mem. & Order 2 [Doc. No. 487].

The Guide to Judiciary Policy makes clear that the probation system is a national one, and as such "districts have a shared responsibility to maximize the success of the person under supervision, regardless of where the person was sentenced." Guide to Judiciary Policy § 610(b). When considering transfers in post-conviction cases, "[t]his shared responsibility requires collaborative analyses and decision-making" to determine if "relocation is more likely or equally likely to maximize lawful behavior and compliance with the conditions of supervision." Id. § 610(b)-(c). "All factors being equal between two jurisdictions, transfer of supervision should be approved." Id. § 610(b).

In light of the foregoing, the court respectfully requests that the Chief United States Probation Officer for the Central District of California or her designee reconsider the denial of Mr. Oladimu's request for transfer of supervision.

The <u>Motion to Terminate Supervised Release</u> [Doc. No. 500] remains under advisement.

IT IS SO ORDERED

July 26, 2023                                        /s/Indira Talwani
                                                     United States District Judge